# EXHIBIT "A"

| **HCDistrictclerk.com** | DURHAM, TERRENCE M vs. INFINITI FINANCIAL SERVICES | 1/22/2020 |
|---|---|---|
| | Cause: 201989179     CDI: 7     Court: 333 | |

## APPEALS

No Appeals found.

## COST STATMENTS

No Cost Statments found.

## TRANSFERS

No Transfers found.

## POST TRIAL WRITS

No Post Trial Writs found.

## ABSTRACTS

No Abstracts found.

## SUMMARY

### CASE DETAILS

| | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| **File Date** | 12/19/2019 | **Court** | 333rd |
| **Case (Cause) Location** | Civil Intake 1st Floor | **Address** | 201 CAROLINE (Floor: 14) HOUSTON, TX 77002 Phone:7133686470 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | SWORN ACCOUNT | **JudgeName** | DARYL L. MOORE |
| **Next/Last Setting Date** | N/A | **Court Type** | Civil |
| **Jury Fee Paid Date** | N/A | | |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| DURHAM, TERRENCE M | PLAINTIFF - CIVIL | | LIGON, ANDRE LEWIS |
| INFINITI FINANCIAL SERVICES | DEFENDANT - CIVIL | | DANNER, RICHARD DWAYNE |
| NISSAN MOTOR ACCEPTANCE CORPORATION | DEFENDANT - CIVIL | | DANNER, RICHARD DWAYNE |
| NISSAN-INFINITI LT | DEFENDANT - CIVIL | | DANNER, RICHARD DWAYNE |
| INFINITY FINANCIAL SERVICES (CORPORATION) | REGISTERED AGENT | | |
| NISSAN-INFINITI LT (CORPORATION) | REGISTERED AGENT | | |
| NISSAN MOTOR ACCEPTANCE CORPORATION | REGISTERED AGENT | | |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 1/10/2020 | ANSWER ORIGINAL PETITION | | | 0 | | DANNER, RICHARD DWAYNE | INFINITI FINANCIAL SERVICES |
| 1/10/2020 | ANSWER ORIGINAL PETITION | | | 0 | | DANNER, RICHARD DWAYNE | NISSAN-INFINITI LT |
| 1/10/2020 | ANSWER ORIGINAL PETITION | | | 0 | | DANNER, RICHARD DWAYNE | NISSAN MOTOR ACCEPTANCE CORPORATION |
| 12/20/2019 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 12/20/2019 | | 3 | | | |
| 12/20/2019 | MOTION FOR TEMPORARY RESTRAINING ORDER GRANTED | | | 0 | | | |
| 12/20/2019 | ORDER SIGNED SETTING HEARING | 12/20/2019 | | 3 | | | |
| 12/20/2019 | ORDER SETTING BOND SIGNED | 12/20/2019 | | 3 | | | |
| 12/20/2019 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | 0 | | | |
| 12/19/2019 | ORIGINAL PETITION | | | 0 | | LIGON, ANDRE LEWIS | DURHAM, TERRENCE M |

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 1/06/2020 09:30 AM | 333 | | Law Day Docket | TEMPORARY INJUNCTION | Passed | | |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION CORPORATE | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | INFINITY FINANCIAL SERVICES (CORPORATION) | 12/19/2019 | 12/19/2019 | | | | 73707070 | E-MAIL |
| | | 211 E 7TH STREET SUITE 620 AUSTIN TX 78701 | | | | | | | | |
| CITATION CORPORATE | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | NISSAN-INFINITI LT (CORPORATION) | 12/19/2019 | 12/19/2019 | | | | 73707073 | E-MAIL |
| | | 211 E 7TH STREET SUITE 620 AUSTIN TX 78701 | | | | | | | | |
| CITATION CORPORATE | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | NISSAN MOTOR ACCEPTANCE CORPORATION | 12/19/2019 | 12/19/2019 | | | | 73707076 | E-MAIL |

211 E 7TH STREET SUITE 620 AUSTIN TX 78701

## Notices

| Notice Date | Activity Date | Description | Connection To Case | Name | Address | Phone |
|---|---|---|---|---|---|---|
| 12/24/2019 | 12/20/2019 | | 0 | LIGON, ANDRE LEWIS | 2646 S LOOP WES, HOUSTON, TX 77054 | 713-662-2500 |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 88893600 | Citation Corporate | | 01/13/2020 | 2 |
| 88893601 | Citation Corporate | | 01/13/2020 | 2 |
| 88879677 | Defendants Answer and Affirm Defenses | | 01/10/2020 | 3 |
| 88757286 | Plaintiff's Motion to Extend Temporary Restraining Order | | 01/03/2020 | 5 |
| 88757299 | Proposed Order | | 01/03/2020 | 2 |
| 88653215 | Clerk's certificate of cash deposit in lieu of injunction bond per order of the court | | 12/23/2019 | 1 |
| 88639679 | ORDER SETTING BOND SIGNED | | 12/20/2019 | 3 |
| | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | | 12/20/2019 | |
| | ORDER SIGNED SETTING HEARING | | 12/20/2019 | |
| 88613697 | PLAINTIFF'S ORIGINAL PETITION | | 12/19/2019 | 8 |
| -> 88613707 | AFFIDAVIT OF TERRENCE DURHAM | | 12/19/2019 | 4 |
| -> 88613698 | EXHIBIT 01 | | 12/19/2019 | 6 |
| -> 88613699 | EXHIBIT 02 | | 12/19/2019 | 2 |
| -> 88613700 | EXHIBIT 03 | | 12/19/2019 | 7 |
| -> 88613701 | EXHIBIT 04 | | 12/19/2019 | 2 |
| -> 88613702 | Plaintiffs application for temporary restraining order | | 12/19/2019 | 8 |
| -> 88613704 | REQUEST FOR ISSUANCE OF SERVICE | | 12/19/2019 | 1 |
| -> 88613705 | REQUEST FOR ISSUANCE OF SERVICE | | 12/19/2019 | 1 |
| -> 88613706 | REQUEST FOR ISSUANCE OF SERVICE | | 12/19/2019 | 1 |
| -> 88613703 | TRO | | 12/19/2019 | 3 |

12/19/2019 12:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39390181
By: Patricia Jones
Filed: 12/19/2019 12:17 PM

NO. _____

| | | |
|---|---|---|
| **TERRANCE DURHAM** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **_____TH JUDICIAL DISTRICT** |
| | § | |
| **INFINITI FINANCIAL SERVICES,** | § | |
| **NISSAN-INFINITI, LT. & NISSAN** | | |
| **MOTOR ACCEPTANCE** | | |
| **CORPORATION** | | |
| **Defendants.** | § | **OF HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES TERRANCE M. DURHAM, Plaintiff herein, and files this Plaintiff's Original Petition complaining about the actions and omission of INFINITI FINANCIAL SERVICES & NISSAN-INFINITI LT & NISSAN MOTOR ACCPETANCE CORPORATION, Defendants herein, and in support thereof, shows the court the following:

### PARTIES AND SERVICE

1.  Plaintiff, TERRANCE M. DURHAM is an individual who resides in Harris County, Texas, and may be served with any and all documents related to this matter c/o Andre L. Ligon, Law Offices, Andre L. Ligon, P.C. 2600 South Loop West, Ste. 380, Houston, Texas 77090.

2.  Defendant Infiniti Financial Services in a corporation operating in this state, and may be served with process by serving its registered agent of service Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th St., Ste. 620, Austin, Texas 78701 Service of said Defendant as described above can be effected by personal delivery.

3.     Defendant Nissan-Infiniti, Lt. is a corporation operating in this state and may be served with process by serving its registered agent of service Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th St., Ste. 620, Austin, Texas 78701 Service of said Defendant as described above can be effected by personal delivery.

4.     Defendant Nissan Motor Acceptance Corporation. is a corporation operating in this state and may be served with process by serving its registered agent of service Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th St., Ste. 620, Austin, Texas 78701 Service of said Defendant as described above can be effected by personal delivery.

### JURISDICTION AND VENUE

5.     The subject matter in controversy is within the jurisdictional limits of this court.

6.     Plaintiff seeks:

    a.     monetary relief over $100,000 but not more than $200,000.

7.     This court has jurisdiction over the parties because Defendants have voluntarily accepted the jurisdiction of Texas and this Court and the transaction at issue occurred in Harris County, Texas.

8.     Venue in Harris County, Texas is proper in this case because the transaction(s) at issue occurred in Harris County, Texas.

### FACTS

9.     This case arises out of the contract between the Defendants and Plaintiff to lease a Q-50 automobile, VIN#JN1EV7AP9JM353782 that was financed by the Defendants on or about September 6, 2017.

10.     Plaintiff entered into a 38-month lease from the Defendants to lease the Q-50

luxury automobile on September 6, 2017, with payments set at $708.00 per month. *See Exhibit 1, which is attached and incorporated by reference.* Since the date the lease agreement was executed by the parties, plaintiff has made every payment, specifically Plaintiff has made all payments on the lease agreement to the Defendants.

11.    On or about November 15, 2019, the Plaintiff was detained by either agents/police officers, questioned and released. Prior to being detained, the Plaintiff was operating another vehicle at the time of his detention. The officers stopped him on an alleged traffic stop, illegally took him back to the location where the Q-50 was located, searched it and towed it to an unknown location, with no notice of confiscation or intent to seize as required by law. In fact, as of the date that this application was filed, Plaintiff has not received any notices from the Defendants or any law enforcement agency concerning this automobile and the property that was obtained when he was detained on November 15, 2019. The only information that the Plaintiff received is attached as *Exhibit 2, to this application.*

12.    Counsel was retained in an attempt to assist him with obtaining his property and vehicle. On November 25, 2019, counsel contacted the number provided by the alleged law enforcement officers, who wouldn't identify themselves nor would they provide the location of the Plaintiff's vehicle. On December 12, 2019, Plaintiff and counsel contacted the alleged officer who again wouldn't provide any information concerning the vehicle but admitted that no one had prepared an intent to seize the property, which included the Q-50. Since Plaintiff still had no information, he contacted the Defendants and found the location of the car. He attempted to pick up his car, but the facility wouldn't release it claiming that the bank is retaining possession of the vehicle. The Plaintiff was concerned because they were still taking payments for the vehicle from his account. *See Exhibit 3, which is attached.* At this time, no one had

contacted the Plaintiff as to why he couldn't obtain possession of his vehicle.

13.     On December 17, 2019, Plaintiff again contacted the Defendants, who informed him that they were going to sale his vehicle at an auction, although he has never missed a payment.  Defendants are taking this course of action, without providing him any written notices, electronic or otherwise.   Plaintiff attempted to discussed this with the Defendants' agents, but they wouldn't give him any information.

14.     On December 17, 2019, Plaintiff received notice from his credit monitoring service that the Q-50's account is now closed, and it is listed as a repossession on his credit report.  Since it is now listed as a repossession, Plaintiff's credit is damaged and is preventing him from obtaining any other vehicles to replace the Q-50 that is illegally in possession of the Defendants.

15.     As of the date that this petition was filed, the Defendants have not provided any notices concerning their intended actions with the plaintiff's Q-50.

16.     Also, as of the date of this application, Plaintiff has never been in default of any of the terms of the lease agreement as it relates to Q-50 automobile at issue in this suit.

17.     Defendants actions and omissions are the basis of this suit and the causes of action contained in this lawsuit.

## CAUSES OF ACTION

### BREACH OF CONTRACT

18.     Plaintiff incorporates by reference, as if fully stated herein, all of the allegations and statements contained above.

19.     On or about September 6, 2019, Plaintiff and the Defendants entered into a valid and enforceable written contract that would allow the Plaintiff possession of the Q-50 automobile pursuant to the 38 month lease, which would allow the Plaintiff to have possession of the automobile as long as he made monthly payments in the amount of $708.00 per month. As of the date that this petition was filed, Plaintiff had made every payment required under the lease agreement.

20.     Plaintiff fully performed all of his obligations pursuant to the contract at issue.

21.     Defendants illegal decision to retain the possession of the Q-50, even though the Plaintiff has made all of the payments as required by the lease agreement, is a breach of the agreement between the Plaintiff and the Defendants.

21.     Defendants breach of the agreement has caused injury to plaintiff, which resulted in damages to the Plaintiff.

## COMMON LAW FRAUD

22.     Plaintiff would further show that Defendant made materially false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to his detriment. Defendants also communicated false statements to the credit bureaus, with the intent for those agencies and others reviewing the Plaintiff's credit history to rely on that information to the Plaintiff's detriment.

23.     Plaintiff would further show that the Defendants concealed or failed to disclose material facts within the knowledge of Defendants, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce the Plaintiff to basically agree to damage his financial standing

and his ability to purchase another vehicle and obtain property in the future suit by such concealment or failure to disclose the proper information related to Plaintiff's payment history on the Q-50 at issue in this case.

24. As a proximate result of such fraud, Plaintiff sustained the damages within the jurisdictional limits of this court.

## DECLARATORY JUDGMENT

25. Plaintiff requests that declaratory judgment be entered under Chapter 37 of the Texas Civil Practice and Remedies Code as follows:

(a) The lease agreement at issue is still in effect, because the Plaintiff is not in default of the terms of the agreement.

(b) Defendants decision to retain possession of the Q-50 was not proper pursuant to Texas law and that automobile must be returned to the Plaintiff. In addition to returning the Q-50 to Plaintiff, the Plaintiff is entitled to Loss of use damages for every day that the Defendants have been in possession of his Plaintiff's automobile.

(c) The Defendants should refund Plaintiff any amounts received from the Plaintiff which represents the monthly obligations pursuant to the lease agreement, that were paid while the Defendants were in possession of the vehicle.

(d) Plaintiff request a declaratory judgment in judgment in his favor that declares that the Defendants breached the contract at issue and that the Defendants is not entitled to relief because of the Defendants actions and omissions.

(e) Declare that any and all negative credit reporting by the Defendants as it relates to the Q-50 were not warranted and must be deleted from the Plaintiff's credit reports.

## CONDITIONS PRECEDENT

26.    Plaintiff has fully or substantially performed all acts necessary to perfect and establish all claims and causes of action asserted in this lawsuit.  All conditions precedent to Plaintiff's right to recover on any of the claims and causes of action asserted in this lawsuit have been discharged, satisfied or fully performed.

## ATTORNEY'S FEES

27.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code; (d) Section 37.009 of the Texas Civil Practice and Remedies Code; and, common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff TERRANCE M. DURHAM, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, for the economic and actual damages in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and post judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

Law Offices, Andre' L. Ligon, P.C.

By: */s/ Andre' L. Ligon*  _____
        Andre' L. Ligon
        Texas Bar No. 00797840

Email: efilings@andreligon.com
2646 South Loop West, Ste. 380
Houston, Texas 77054
Tel. (713) 662-2500
Fax. (713) 222-0252
Attorney for Plaintiff,
TERRANCE M. DURHAM

Unofficial Copy Office of Marilyn Burgess District Clerk

12/19/2019 12:17:19 PM
Marilyn Burgess District Clerk
Harris County
Envelope No: 39390181
By: JONES, PATRICIA D
Filed: 12/19/2019 12:17:19 PM

## 2019-89179 / Court: 333

CAUSE NO. _____

| | | |
|---|---|---|
| **TERRENCE DURHAM** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFF** | § | |
| | § | |
| **vs.** | § | **_____JUDICIAL DISTRICT** |
| | § | |
| **INFINITI FINANCIAL SERVICES,** | § | |
| **NISSAN-INFINITI, LT & NISSAN** | § | **HARRIS COUNTY, TEXAS** |
| **MOTOR ACCEPTANCE** | § | |
| **CORPORATION** | | |

### AFFIDAVIT OF TERRENCE DURHAM

**THE STATE OF TEXAS**    *

**COUNTY OF HARRIS**    *

My name is Terrence Durham and I am the Plaintiff in the above cause.

On September 6, 2017, I Terrence Durham (Lessee) entered into a motor vehicle lease agreement for a Black 2018 Q50, VIN# JN1EV7AP9JM353782, with Nissan Infiniti. Our signed contract agreement indicated that the first monthly payment of seven hundred and eight dollars would be due on October 6, 2017. To ensure that payments were received in a timely manner I setup automatic draft payments with my Bank Wells Fargo, N.A. My bank records and receipts show that my payments were made in a timely manner, I have never been late and me and my wife have never breached the contract that we signed in any manner.

November 15, 2019, while sitting in a parked 2008 Chevy Silverado in the parking lot of Habitat for Humanity located at 6161 S. Loop East Frwy., Houston, Texas. My wife arrived in her vehicle and parked the 2018 Q50, in the parking lot of Habitat for Humanity. We did not want to take both vehicles. I was taking her to work in the truck, when I came back to the Habitat for Humanity, my wife's car was still parked in the parking lot. I was sitting in my truck when I

was approached by an unknown officer, claiming to be a DEA Agent. Although I didn't know who they were at the time, I was asked to exit my truck and walk towards them. They explained that they wanted to question me. I agreed to accompany them, and I was question and detained for about approximately 2 hours. Once they completed their questioning of me, they said I was free to go and that I was not arrested and not charged. My truck and my wife's car were not seized. Once I came back to the parking lot of Habitat for Humanity, were the vehicles were parked, I notice that my truck was there, but my wife's Q-50 vehicle was not. I didn't receive any citations, towing slips, letters of seizure or any letter indicating to me that the vehicle had been confiscated or impounded by any law enforcement agency.

I contacted Mr. Ligon's office to assist me with this matter. He attempted to contact the number that I was provided on the receipt, the person on the other end of the phone, claimed to be a DEA agent, but the alleged agent would not provide his name or who he was working for. I was informed that I would receive a notice of intent to seize the vehicle in the event that they decided to do so. To this date, I have never received any information concerning the whereabouts of the Q-50.

On December 9, 2019, my monthly payment was drafted from my account for the Q-50 that was not in my possession. *See Exhibit 3, which is attached to this application.* At that point, since I hadn't received any notices from anyone, including the Defendants, so I started looking for my Q-50. After searching for 2018 Q50 for three weeks, I went to Infiniti and they helped me find the vehicle. I was informed that the vehicle was in a lot off of West Orange Rd. I went to the location in an attempt to get my car and was told that the bank is in possession of the car and I couldn't pick it up.

On December 17, 2019, I contacted the Defendants who informed me that they were

repossessing the car and that I was going to be liable for balance of the car, once it is sold at an auction. I didn't understand, because I have made every payment and I was not in the car when I was detained, and I was never charged with anything.

I am asking that the Court restrain the Defendants from its current actions, specifically I am requesting the Court to prevent the Defendants from selling the car, reporting negative comments to the credit agencies related to the Q-50. The Defendants actions are preventing me from obtaining another car, because the Q-50 is listed as a repossession. See Exhibit 4, which is attached. Since the Defendants have listed the Q-50 as a repo, I can't get another car, and I am out of the 2nd transportation that my family needs to conduct its normal affairs. Since they have illegally taken possession of the Q-50, it is affecting my construction business because I have to now take my wife to work and I must leave any job that I am on to pick her up. This is putting a financial strain on my family, because I can't get another automobile and I can't have the vehicle that I am currently paying for.

In the event that the Defendants are not restrained from selling the car on or about December 26, 2019, preventing me from possessing the car that I am paying for, and reporting to the credit bureaus that the Q-50 has been repossessed I will be irreparably harmed. If the vehicle is sold, I won't have the transportation that my family desperately need and the vehicle will be sold to a good faith purchaser and the Defendants will claim that I owe any balances due on the car, that I have never missed a payment on.

I have no problem making the payment on the Q-50, that I have always made since the lease agreement was executed by me, so the Defendants will not be harmed if the Court grants the TRO and return the car to me and my wife.

BEFORE ME THE UNDERSIGNED, PERSONALLY APPEARED TERRENCE

DURHAM, and stated to me, I am the person whose name is affixed to this document.

DATED: 12/19/19

TERRENCE DURHAM
267-320-2934

Notary Public in and for the State of Texas

JACQUELINE MCGASKEY
Notary Public, State of Texas
Comm. Expires 12-10-2023
Notary ID 132279425

# 2019-89179 / Court: 333

 **INFINITI FINANCIAL SERVICES**

Motor Vehicle Lease Agreement With Arbitration Clause — Texas

***Signature*LEASE**

## 1. PARTIES

**LESSOR**

| CLEAR LAKE INFINITI | (713) 589-4000 | 9/6/2017 |
|---|---|---|
| NAME OF LESSOR (DEALER) | LESSOR TELEPHONE NUMBER | LEASE DATE |
| 14705 Gulf Fwy | Houston, TX. 77034 | 05429 |
| STREET ADDRESS | CITY, STATE, ZIP CODE | IFS DEALER NUMBER |

**LESSEE & CO-LESSEE**

| TERRANCE M. DURHAM | SILVIA M. ZANETTI | N/A |
|---|---|---|
| NAME OF LESSEE | NAME OF CO-LESSEE | NAME OF OWNER (IF LESSEE IS A BUSINESS) |
| 12803 NYACK DRIVE | HOUSTON, TX, HARRIS | 77089 |
| LESSEE STREET ADDRESS | CITY, STATE, COUNTY | ZIP CODE |
| 12803 NYACK DRIVE | HOUSTON, TX | 77089 |
| LESSEE MAILING ADDRESS (IF DIFFERENT FROM ABOVE) | CITY, STATE, COUNTY | ZIP CODE |
| 12803 NYACK DRIVE | HOUSTON, TX, HARRIS | 77089 |
| VEHICLE GARAGING ADDRESS (IF DIFFERENT FROM ABOVE) | CITY, STATE, COUNTY | ZIP CODE |

"You" and "your" refer equally to the Lessee and Co-Lessee (if any) signing this Lease. "We", "us" and "our" refer to the Dealer, or if this Lease is assigned, to Nissan-Infiniti LT ("NILT") and/or any other assignee. "Vehicle" refers to the Motor Vehicle described below, including attachments, equipment, the battery and accessories, including any charging accessories included with the vehicle. You agree to lease this Vehicle from us under the terms in this Lease. You understand that this is a lease. You do not own this Vehicle, unless and until you exercise your option to purchase this Vehicle.

## 2. DESCRIPTION OF LEASED PROPERTY

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE IDENTIFICATION NUMBER (VIN) |
|---|---|---|---|---|
| 2018 | INFINITI | Q50 | 4DR SDN 3.0T LUXE | JN1EV7AP0JM353782 |

☒ New    4    N/A - N/A        ☐ Charging Accessories    Primary Use ☐ Commercial
☐ Used    ODOMETER READING   COLOR/KEY CODE #                                      ☒ Personal, Family or Household

## 3. CONSUMER LEASING ACT DISCLOSURE BOX

| **Amount Due At Lease Signing or Delivery** (From Section 4, itemized below) | **Monthly Payments** | **Other Charges*** (Not part of your monthly payment) | **Total of Payments** (The amount you will have paid by the end of the Lease.) |
|---|---|---|---|
| | Your first monthly payment of $ 708.00 is due on signing, followed by 38 payments of $ 708.00 due on the 8th of each month, beginning on 10/8/2017. The total of your monthly payments is $ 27,612.00. | a) Disposition Fee (if you do not purchase the Vehicle) $ 395.00 | |
| | | b) N/A + $ N/A | |
| | | c) N/A + $ N/A | |
| $ 1,075.00 | | d) Total = $ 395.00 (In addition, you may have to pay excess wear and use and mileage, if any.) | $ 28,374.00 |

## 4. ITEMIZATION OF AMOUNT DUE AT LEASE SIGNING OR DELIVERY

| **Amount Due At Lease Signing or Delivery** | | | | | |
|---|---|---|---|---|---|
| a) Capitalized Cost Reduction including any net trade-in allowance | 367.00 | k) N/A | + $ N/A |
| b) First Monthly Payment | + $ 708.00 | l) N/A | + $ N/A |
| c) Refundable Security Deposit | + $ N/A | m) N/A | + $ N/A |
| d) Title Fees | + $ N/A | n) N/A | + $ N/A |
| e) Registration Fees | + $ N/A | o) Total | = $ 1,075.00 |
| f) Tax on Capitalized Cost Reduction | + $ N/A | **How The Amount Due at Lease Signing or Delivery Will be Paid** | |
| g) Sales Tax Paid in Advance | + $ N/A | I) Net Trade-In Allowance | $ N/A |
| h) N/A | + $ N/A | II) Rebates and Non-Cash Credits | + $ N/A |
| i) N/A | + $ N/A | III) Amount To Be Paid In Cash | + $ 1,075.00 |
| | | IV) Total | = $ 1,075.00 |

## 5. YOUR MONTHLY PAYMENT IS DETERMINED AS SHOWN BELOW

a) **GROSS CAPITALIZED COST.** The agreed upon value of the Vehicle ($ 45,330.00 ) and any items you pay over the lease term such as taxes, fees, service contracts, insurance and any outstanding prior credit or lease balance. If you want an itemization of this amount, please see Section 7.$   52,386.17

b) **CAPITALIZED COST REDUCTION.** The amount of any net trade-in allowance, rebate, non-cash credit or cash you pay that reduces the gross capitalized cost.   − 367.00

c) **ADJUSTED CAPITALIZED COST.** The amount used in calculating your base monthly payment.   = 51,999.17

d) **RESIDUAL VALUE.** The value of the Vehicle at the end of the Lease used in calculating your base monthly payment.   − 25,405.50

e) **DEPRECIATION AND ANY AMORTIZED AMOUNTS.** The amount charged for the Vehicle's decline in value through normal use and for other items paid over the lease term.   = 25,593.67

f) **RENT CHARGE.** The amount charged in addition to the depreciation and any amortized amounts.   + 2,018.33

g) **TOTAL OF BASE MONTHLY PAYMENTS.** The depreciation and any amortized amounts plus the rent charge.   = 27,612.00

h) **THE NUMBER OF PAYMENTS IN YOUR LEASE.**   ÷ 39

i) **BASE MONTHLY PAYMENT.**   = 708.00

j) **MONTHLY SALES, USE OR LEASE TAX.**   + N/A

k) **MONTHLY LUXURY TAX.**   + N/A

l) **TOTAL MONTHLY PAYMENT.**   = $ 708.00

NILT/TX.3001-TXL6 4/16                    EXHIBIT  1                    Page 1 of 5

This is not the Authoritative Copy.

## 6. IMPORTANT TERMS

which is included in your monthly payment. There will be no refund for unused miles, including any additional miles purchased by you.

**PURCHASE OPTION AT END OF LEASE TERM.** You have an option to purchase the Vehicle at the end of the lease term for $ 26,405.50 and a Purchase Option Fee of $300.00, See Section 14.

**EXCESSIVE WEAR AND USE.** You may be charged for excessive wear based on our standards for normal use and for mileage in excess of _12000_ miles per year at the rate of 25 cents per mile. See Section 19. ☐ If this box is checked, this mileage includes N/A miles over the term of the Lease purchased at 10 cents per mile.

**OTHER IMPORTANT TERMS.** This Lease contains additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

## 7. ITEMIZATION OF GROSS CAPITALIZED COST

The following items you will pay over the lease term and are in your monthly payment:

| | | |
|---|---|---|
| a) Agreed upon value of the Vehicle | $ | 45,330.00 |
| b) Up-Front Sales Tax, if applicable | + | 3,008.17 |
| c) Title, License and Registration | + | 174.25 |
| d) Acquisition Fee | + | 700.00 |
| e) Service Contract(s) and/or Maintenance Contract(s) (See Section 10) | + | 1,879.00 |
| f) Credit Life and/or Disability Insurance (See Section 10) | + | N/A |
| g) Prior Credit or Lease Balance | + | N/A |
| h) VEH INSP-23.75/NITROGEN-195 | + | 218.75 |
| i) DOC.FEE-183 | + | 183.00 |
| j) TX FMV DED FEE-0 | + | N/A |
| k) DATA DOTS-295 | + | 295.00 |
| l) CHEMICALS-601 | + | 601.00 |
| m) Total Gross Capitalized Cost | = | 52,366.17 |

## 8. VEHICLE WARRANTIES

This Vehicle is covered by any warranty, extended warranty, service contract or maintenance contract indicated below:

☑ Standard New Vehicle Limited Warranty provided by the manufacturer or distributor of this Vehicle.

☐ Mechanical Breakdown Protection (MBP), a service contract for the repairs of certain major mechanical breakdowns of this Vehicle and related expenses.

☑ Maintenance Contract, a contract for regularly scheduled care and maintenance of this Vehicle.

☐ Used Vehicle Limited Warranty

☐ N/A

EXCEPT AS EXPRESSLY PROVIDED UNDER THIS LEASE, WE OFFER NO EXPRESS OR IMPLIED WARRANTIES WITH RESPECT TO THIS VEHICLE. WE MAKE NO IMPLIED WARRANTY OF MERCHANTABILITY. THE LESSOR UNDERTAKES NO RESPONSIBILITY FOR THE QUALITY OF THE GOODS EXCEPT AS OTHERWISE PROVIDED IN THIS CONTRACT. THE LESSOR ASSUMES NO RESPONSIBILITY THAT THE GOODS WILL BE FIT FOR ANY PARTICULAR PURPOSE FOR WHICH YOU MAY BE LEASING THESE GOODS, EXCEPT AS OTHERWISE PROVIDED IN THE CONTRACT.

## 9. ESTIMATED FEES AND TAXES

The estimated total amount you will pay for official and license fees, registration, title and taxes, including personal property taxes, over the term of your Lease, whether included with your monthly payments or assessed otherwise is $ 1,564.73 . The actual total of fees and taxes may be higher or lower depending on the tax rates in effect or the value of the leased property at the time a fee or tax is assessed.

## 10. OPTIONAL INSURANCE, COVERAGES, AND WARRANTIES

These products are not required to enter into this Lease and will not be provided unless you sign below. If insurance, coverages and/or warranties are purchased by you, these are shown in a notice given to you on this date. These products may not be available in some states.

a) Credit Life Insurance

N/A — PREMIUM — $ N/A

N/A — TERM — $ N/A — TOTAL CONTRACT AMOUNT

N/A — LESSEE INITIALS — CO-LESSEE INITIALS

b) Credit Disability Insurance

N/A — PREMIUM — $ N/A

N/A — TERM — $ N/A — MONTHLY CONTRACT AMOUNT

N/A — LESSEE INITIALS — CO-LESSEE INITIALS

c) Mechanical Breakdown Protection
(Covers parts of Vehicle up to sooner of __N/A__ months or __N/A__ miles.)

N/A — PROVIDER — $ N/A — CHARGE

N/A — LESSEE INITIALS — CO-LESSEE INITIALS

d) Maintenance Contract

ETHOS — PROVIDER — $ 103.00 — CHARGE

— LESSEE INITIALS — CO-LESSEE INITIALS

e) KEY REPLACEMENT

ETHOS — PROVIDER — $ 295.00 — CHARGE

— LESSEE INITIALS — CO-LESSEE INITIALS

f) TIRE & WHEEL

ETHOS — PROVIDER — $ 1,481.00 — CHARGE

— LESSEE INITIALS — CO-LESSEE INITIALS

g) N/A

N/A — PROVIDER — $ N/A — CHARGE

— LESSEE INITIALS — CO-LESSEE INITIALS

Total Premiums/Charges — $ 1,879.00



This is to and the A ublication Copy.

**Additional Terms and Conditions**

**ENDING YOUR LEASE**

**11. Vehicle Return**

When your Lease terminates, whether early or as scheduled, you will return the Vehicle to an Infiniti dealer or other location we specify. You will complete a statement of this Vehicle's mileage at termination as required by federal law. If you keep possession of this Vehicle past the end of the lease term, you will continue to pay the monthly payments, but you agree that you have no right to keep this Vehicle unless you enter into a written agreement with us extending the lease term. You will pay us for any damages we suffer because you failed to return this Vehicle to an Infiniti dealer or other location we specify or because you failed to return this Vehicle at the end of the lease term. We may determine our damages in one of the following two ways at our election and in our sole discretion: a) by charging you the Total Monthly Payment for each month the Vehicle is not returned as required plus any other amounts due under Sections 12 and 24; or b) by charging you for amounts due under the formula provided in Section 13 and any amounts due under Sections 12 and 24.

**12. Scheduled Termination**

The scheduled term of your Lease is the number of months corresponding to the number of monthly payments identified in Sections 3 and 5. At the end of the lease term, you will return this Vehicle and pay us immediately:

a) a Disposition Fee equal to the amount disclosed in Section 3 which we will waive if this Lease is not in default and you concurrently enter a new lease or retail contract financed by IFS; plus
b) all past-due monthly payments, and other charges under this Lease; plus
c) any amounts owed as a result of excessive wear and use, as disclosed in Section 19; plus
d) any Excess Mileage Charge as lease maturity, or an Excess Mileage Charge for the period for which this Lease was in effect apportioned monthly, as disclosed in Section 6, plus
e) any taxes related to the termination.

**13. Early Termination**

a) Conditions for YOUR early termination. You may terminate this Lease before the end of the lease term, effective on the due date of a monthly lease payment, if you return the Vehicle, you are not in default, you have paid at least 12 monthly payments, you give us at least 30 days prior written notice and you pay us the charge disclosed in Section 13.c).
b) Conditions for OUR early termination. We may terminate this Lease before the end of the lease term under Section 25 or if you are in default as described in Section 24.
c) Amounts you will owe at Early Termination. If this Lease is terminated before the end of the lease term, under Section 13.a) or Section 13.b), then you will pay us:
   i)   the amounts disclosed in Section 12; plus
   ii)  an Early Termination Charge equal to the difference, if any, between the Adjusted

Lease Balance and this Vehicle's Fair Market Wholesale Value, or, if we do not terminate this Lease under Section 13.b), an Early Termination Charge equal to the sum of the Base Monthly Payments not yet due, if less; plus
iii)  if you are in default, the amounts disclosed in Section 24.
d) For an electric vehicle, if we abandon our interest in the charging accessories, we may exclude the value of the charging accessories from the determination of Fair Market Wholesale Value.

"Adjusted Lease Balance" is a charge in today's dollars ("today" being the date the Lease is terminated) for Base Monthly Payments not yet due and the Residual Value of the Vehicle. Our method of calculating "today's dollars" is the Constant Yield Method, a generally accepted accounting formula.

"Fair Market Wholesale Value" is the wholesale value assigned by us in a commercially reasonable manner in accordance with accepted practices in the automobile industry for valuation of used vehicles, or by a written agreement as to the Vehicle's value signed by you and us. If you disagree with the value we assign to the Vehicle, you may obtain, at your own expense, within 10 days after you return the Vehicle, a professional appraisal of this Vehicle's wholesale value or comparable value made by an independent third party agreeable to both you and us (the "Professional Appraisal"). If a Professional Appraisal is used to value the Vehicle, no amounts disclosed in Section 19 will be due from you.

In the event early termination of this Lease occurs at your election pursuant to Section 13.a), you hereby agree that the Fair Market Wholesale Value is the wholesale value, loan value or comparable value listed for the Vehicle, at the time of the early termination, in one of the following used vehicle valuation guides, at our election: National Automobile Dealers Association (NADA), Kelley or Black Book.

**14. Purchase Option**

You have the option to purchase this Vehicle "AS IS" from the originating dealer, or other location we specify, in cash for the Purchase Option Price, plus any official fees and taxes, vehicle Association costs required in connection with the purchase, and a Purchase Option Fee of $300.00, which fees, taxes and costs are not included in the Purchase Option Price. If you purchase the Vehicle at the end of the lease term, the Purchase Option Price will be the Residual Value shown in Section 5.d). If you purchase the Vehicle before the end of the lease term, the Purchase Option Price will be the Adjusted Lease Balance disclosed in Section 13). In either case, you must also pay other amounts due under this Lease at the time of purchase.

**VEHICLE INSURANCE, MAINTENANCE, PAYMENTS AND USE**

**15. Insurance**

You are responsible for the following minimum types and amounts of coverage ("Required Insurance") during the lease term: a) Comprehensive, including fire and theft insurance if this Vehicle is a car, or fire, theft and combined additional coverage if this Vehicle is a truck, with a maximum deductible of $1,000; b) Collision insurance with a maximum deductible of $1,000; c) Property damage liability of $20,000 per occurrence; and d) bodily injury liability of $40,000 per person and $300,000 per occurrence. Your insurance policy must name us as loss payee on coverages (a) and (b) and provide us with primary coverage when additional insured on coverages (c) and (d). You will provide us with proof of insurance at our request. Your insurance policy must provide us with at least 30 days notice of any cancellation/reduction or other material change in coverage. You appoint us as your attorney-in-fact to arrange for and procure payment of insurance loss proceeds directly with your insurance carrier(s) and to endorse, present and collect insurance loss proceeds checks.

**NO PHYSICAL DAMAGE OR LIABILITY INSURANCE COVERAGE FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS IS INCLUDED IN THIS LEASE.**

**16. Late Charge, Returned Check Charge, Fines, and Fees**

If any monthly payment is not received in full by us within 10 days after its due date, you will pay a late charge of 5% of the monthly payment due or $25.00, whichever is less or as allowed by state law, plus any applicable taxes. Payments shall be applied to the most past-due payment first. If any payment (including any electronic funds transfer) you make to us is not honored, or is charged back to us, in addition to any late charge, you will pay us a $10.00 service charge, or such other charge as allowed by law, plus any applicable taxes. You will pay when due any official fee or fine imposed on this Vehicle, such as a toll charge, parking ticket, traffic or toll violation. Should we have to pay any such fee or fine on your behalf, you will pay us the amount of the fine or fee plus a $20.00 administrative charge, or such other charge as allowed by law, plus any applicable taxes.

**17. Official Fees and Taxes**

You will pay when due all official fees and taxes, including registration, title and license fees, and personal property taxes related to this Vehicle or this Lease, which are incurred during the lease term, even if they are assessed after this Lease terminates. Should we have to pay any official fee or tax on your behalf, you will pay us the amount of the official fee or tax, and any interest or penalties assessed. You may also agree to pay personal property taxes in advance of the applicable due date, by mutual settlement of an estimated amount with us.

**18. Vehicle Maintenance and Use**

You agree to maintain this Vehicle at your own expense. You agree to follow the owner's manual and maintenance schedule and to make all necessary repairs and replacement of parts, which includes maintaining adequate records of vehicle maintenance. Failure to properly maintain this vehicle in accordance with the owner's manual and/or maintenance schedule may result in charges in addition to excessive wear and use charges. This Vehicle may not be used for any illegal purpose or to transport people or goods for hire. Except for occasional and incidental use (not to exceed a total of 9 days in any month) by other licensed, qualified, insured operators with your permission, you shall relinquish possession of this Vehicle. Except as allowed in this Section, you will not alter or install any equipment upon this Vehicle and will pay the

amount it would cost to restore this Vehicle to its original condition. You may elect to have an airbag on/off switch installed in the Vehicle, at your expense, if you have received prior written approval from the National Highway Transportation Safety Administration ("NHTSA") and you provide us written notice (including a copy of the NHTSA approval and the dealer's written confirmation of the installation) within 30 days after installation. The switch must be installed by an authorized Infiniti dealer using Infiniti parts. If an airbag on/off switch is installed, you release us from any claims, losses or damages resulting from such installation, improper installation or improper use of the switch. For an electric vehicle, you agree that we own the battery and that you may replace it only with our permission and only with a genuine Infiniti battery (and that for any such use of this vehicle. Any such replacement battery will be deemed an accession to this vehicle and/our property. We may elect to abandon any interest we have in charging accessories. You agree to indemnify us for any loss, liability or expense arising from the use or condition of this Vehicle. You agree to keep this Vehicle free from liens and encumbrances. If you leased this Vehicle in the 48 contiguous United States, you will not remove this Vehicle from these 48 states without our prior consent. If you leased this Vehicle in Alaska, Hawaii, or Guam, you will not remove this Vehicle from that state or territory without our prior consent. If you remove this Vehicle from your state of residence or the garaging address identified in this Lease such that new registration or licensing will be required, you will notify us immediately in writing and will bear all related expenses. You will provide and complete any document necessary to comply with any applicable federal, state or local law regarding this Vehicle or this Lease.

**19. Excessive Wear and Use**

You are responsible for all repairs to the Vehicle that are not the result of normal wear and use. At the end of the lease term or at early termination, you will pay us the amount it would cost for the repairs (except in the case when a Professional Appraisal as set forth in Section 13 is used to value the Vehicle). These repairs include, but are not limited to, the costs necessary to:

a) REPAIR: inoperative mechanical parts including power accessories; dents, scratches, chips or rusted areas on the body; mismatched paint; broken windows or inoperative window mechanisms; broken headlight lenses or sealed beams; dents, cuts, scratches or gouges in the bumper; broken grilles or dents in the grilles; single dents or a series of small dents on other trim parts, including headlight and taillight bezels; or seats, seat belts, head lining, door panels or carpeting that are torn or are damaged beyond ordinary wear and use or are burned.
b) REPLACE: any windshield damaged with chips, cracks or bull's-eyes; any tire not part of a matching set of 4 tires (or four with an emergency spare), or tires with less than 1/8" of tread remaining at the shallowest point, or tires which are not a matching set of tires of comparable type and quality to the tires furnished with this Vehicle upon commencement of this Lease; missing parts, accessories and adornments, including bumpers, ornamentation, aerials, hubcaps, chrome stripping, rearview mirrors, radio and stereo components, or emergency spare.

You agree that upon notice from us and as allowed by State law, you will make this Vehicle available to us prior to the scheduled termination of this Lease, at a reasonable time and place to be designated by us, so that we may inspect the Vehicle for purposes of determining excessive wear and use. You agree that any assignee of this Lease is not bound by any statements or representations made by any dealer regarding excess wear and use or the vehicle condition upon

NLTA 3001-TX-E 4/16

return. You agree that for the purposes of determining excess wear and use we use only inspection(s) that will be used is (are) the inspection(s) made by the assignee or its designated inspection contractor. If you fail to adhere to manufacturer maintenance and inspection requirements, we may charge you for any resulting excessive wear and use or damage to the vehicle, including, but not limited to, any loss in value attributable to any manufacturer

cancellation or reduction of warranties. Damage to the vehicle which is concealed or obscured, such as damage to the engine resulting froma failure to maintain the vehicle, may result in charges being assessed to you upon discovery, even if wear and use charges have previously been assessed.

---

## ADDITIONAL INFORMATION

### 20.  Notices and Communications

Unless you give prior notice of a change in an address, we may send any notices to one or more of the Lessee's addresses shown on this Lease. Any notice will be deemed sufficiently given if a Co-Lessee if sent to the Lessee's address, unless you give us written notice of a separate address. You will notify us within 15 days of any address change. To the extent permitted by law, you consent that we, our assignees, and our agents may contact you at any telephone number we have for you, including any cell phone numbers and any phone numbers listed on this document, by any means we select, including an automatic telephone dialing system, text messaging, and/or an artificial or pre-recorded voice.

### 21.  Security Deposit (if collected)

We may use the security deposit to offset any amounts that you owe under this Lease. If you perform all of your obligations under this Lease, the security deposit will be returned to you after Lease termination. No interest, increase or profits will accrue or be due to you. We have no duty to segregate the security deposit and do not have a fiduciary duty to you in regards to the security deposit.

### 22.  Security Interest

Unless otherwise precluded by applicable law, you give us a security interest in this Vehicle or in proceeds, cancellation refunds or rebates under any contract issued with respect to this Vehicle, this Lease or any additions to this Lease, including, without limitation, insurance contracts, maintenance contracts, repair contracts and extended warranty or service contracts.

### 23.  Assignment

We may assign our interest in this Lease without prior notice and without your consent. If this Lease is assigned to NILT, Infiniti Financial Services (IFS), acts as servicer. YOU AGREE THAT YOU HAVE NO RIGHT TO ASSIGN, TRANSFER OR SUBLEASE ANY OF YOUR RIGHTS UNDER THIS LEASE.

### 24.  Default and Payments

You will be in default if a) you do not make a payment when due; b) any information on your or a guarantor's credit application is false; c) you do not maintain insurance coverage required by this Lease; d) you do not timely or properly perform any promise under this Lease; e) you or a guarantor become subject to bankruptcy or insolvency proceedings; f) you die; g) you consent any other act constituting default under applicable law. In the event of default, we may terminate this Lease and, after giving any legally required notice (i) charge you for early termination liability pursuant to Section 13; (ii) repossess this Vehicle as allowed by law; (iii) charge you for our costs of repossession, storing, transporting and disposing of this Vehicle; (iv) charge you for our costs of collection, any court costs and attorneys' fees to the extent permitted by applicable law; (v) sue you for damages and to recover this Vehicle; (vi) pursue any other legally permitted remedy; and/or (vii) charge you interest at the rate of 18% per annum or such other rate as may be allowed by applicable law on any termination liability owed under Sections 12 and 13. Unless otherwise required by law, we are not required to give you prior notice of our termination of this Lease pursuant to this section and your resulting early termination liability as determined in Section 13. To the extent permitted by law, you agree that if we accept money is in sums less than those due, accept payments which are received after their scheduled due dates, or make extensions of due dates of payments under this Lease, doing so will not be a waiver of our right to enforce the lease terms as written as to any amounts due thereafter. We do not accept payments "in full", similar language or other restrictive endorsements without being bound by such language or waiving any of our rights.

### 25.  Damage, Loss or Potential Loss of This Vehicle

You are responsible for the risk of loss, damage or destruction of this Vehicle during the lease term and until you return this Vehicle to us as required above. If this Vehicle is damaged or destroyed in an accident or other occurrence or confiscated by any governmental authority or is stolen or abandoned or subjected to potential loss, you will immediately notify us and we may terminate this Lease pursuant to the terms of this Lease. If this Vehicle is stolen (and not recovered) or destroyed, we will accept insurance loss proceeds in full satisfaction of your early termination liability if you are in compliance with the following: 1) your insurance obligations under this Lease are satisfied; 2) your policy covers this casualty and you have paid the deductible required by the policy; and 3) you are not in default. If the insurance loss proceeds exceed your early termination obligations, then the excess will not be refunded to you. Any capitalized cost reduction made by you will not be refunded in the event of a total loss. If the Vehicle is a total loss, there is no Purchase Option, and you have no right to retain the Vehicle for salvage. If you owe any past due payments or other amounts under this Lease, we may use your security deposit to offset such amounts. All damages which do not result in a total loss of the Vehicle must be repaired. We may require you to authorize repairs before agreeing to or endorsing the payment of insurance proceeds to you. This may include requiring an inspection of the vehicle. Repairs which involve lowering the vehicle into two or more parts are not permitted. Only Genuine Infiniti parts may be used to repair the Vehicle. Repairing the Vehicle with used parts may void the manufacturer's warranty or any additional warranties, service contracts or maintenance contracts covering the Vehicle. If used parts are installed to repair the Vehicle, the used parts must be Genuine Infiniti Remanufactured parts, be of the same model year or newer than the parts being replaced and, if applicable, the mileage of the used-part must be the same or less than the mileage of the Vehicle prior to its damage. Used parts must not have been previously damaged or defective. Used body panels cannot replace damaged body panels.

### 26.  Indemnity

You agree to indemnify us from, and to pay on our behalf, any claim, loss or liability (including damages, costs, expenses and legal fees) which arises from or is related to the use, maintenance or operation of the Vehicle. This Section will survive termination of this Lease and/or repossession of the Vehicle. Any insurance we provide is secondary to the Required Insurance.

### 27.  Notices Regarding Assignments

If this Lease and the Vehicle are assigned by the Dealer to NILT, then:
(1)  The Dealer is hereby notified that NILT has assigned to Nissan-Infiniti Services Co. (NISC) NILT's rights (but not its obligations) to acquire the Vehicle upon Lease inception; and
(2)  The Dealer and Lessee are hereby notified that NILT's rights (but not its obligations) in the sale of the Vehicle, if this Vehicle is subsequently purchased from NILT, will be assigned to NISC immediately prior to the purchase of the Vehicle. If the Lease is purchasing the Vehicle, the Lease and the Vehicle are sold to a dealer, who will then sell the Vehicle to the Lessee.

### 28.  ARBITRATION CLAUSE — IMPORTANT — PLEASE REVIEW — AFFECTS YOUR LEGAL RIGHTS

1.  EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE, EXCEPT AS STATED BELOW, BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2.  IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3.  DISCOVERY AND THE RIGHT TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Except as otherwise stated below, any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, lease or condition of this vehicle, this lease agreement or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provided that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. The claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules, to conduct the arbitration: JAMS (800 352-5267, www.jamsadr.com), the American Arbitration Association (800 778-7879, www.adr.org), or any other organization subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be licensed retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. Unless applicable law provides otherwise, the arbitration hearing shall be conducted in the federal district in which you reside unless the Dealer originating this Lease is a party to the claim or dispute, in which case the hearing will be held in the federal district where that contract was executed. We will pay your filing, administration, service and case management fee, your arbitrator and hearing fee and any arbitration appeal fees you incur all up to a maximum of $5,000, unless the law requires us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims are frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this clause, then the provisions of this clause shall control. The arbitrator's award shall be final and binding on all parties, except that you may appeal any arbitrator's award pursuant to the rules of the arbitration organization, and we may only appeal an award against us exceeding $100,000. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, and we agree to reimburse your filing fees for such proceeding. You and we retain any rights to self-help remedies, such as repossession. You also retain the right to seek individual injunctive relief in court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause does not apply to any claim or dispute relating to or arising out of your use, including collection or payment disputes. This Arbitration Clause shall survive any termination, payoff or transfer of this Lease. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable.

Dec/16/2019 1:22:22 PM

Scaresdale Pack .Ship 2814818721

## SIGNATURES

### Electronic Contracting and Signature Acknowledgment

You agree that (I) this contract is an electronic contract executed by you using your electronic signature; (II) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature; and (III) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (I) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract; (2) your electronic signature associated with this signing of this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract; and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

### SignatureDIRECTPAY AUTHORIZATION AGREEMENT (Not required. Please complete and sign if you want this option.)

You agree to let us debit the payments shown in this contract from your account electronically when they are due. The payments will be debited from the Bank or other financial institution listed below. You also agree to let your Bank honor the debit requests. You agree to continue to make your payments until you are notified by us that the debit payment process is engaged. This agreement will be in effect until all the payments have been made. You can stop the debits at any time by giving us and your Bank written notice to cancel that allows a reasonable period of time for us to act. You acknowledge that we will not send you paper monthly billing statements. You will be able to view your monthly billing statement electronically by logging in and registering at www.infinitifinance.com. You agree to provide us with a voided check that has your Bank name, branch address and account number so we can arrange the debits.

| | | N/A |
|---|---|---|
| SIGNATURE/DATE (LESSEE OR CO-LESSEE) | SIGNATURE/DATE (BANK ACCOUNT OWNER OR JOINT OWNER IF OTHER THAN LESSEE OR CO-LESSEE) | BANK NAME |

### Lessee

NOTICE: THIS CONTRACT CONTAINS AN ARBITRATION CLAUSE. PLEASE SEE ABOVE.

Notice Regarding Arbitration: By signing below, you acknowledge that this Lease contains an arbitration clause and that you have read it. **READ THE ARBITRATION CLAUSE IN SECTION 28 BEFORE SIGNING HERE.**

Lessee signature: _____     Co-Lessee signature: _____

This Lease is the entire agreement and can only be changed by written agreement between the Lessee, Co-Lessee (if applicable) and Dealer, NILT, or any other assignee, if this Lease is assigned. There are no other written or verbal agreements. Any provision of this Lease which is invalid, illegal or unenforceable shall be ineffective without affecting in any way the remaining provisions. All lessees and guarantors are jointly and severally liable.

**YOU HAVE READ THIS ENTIRE LEASE BEFORE SIGNING. YOU ARE ENTITLED TO AND HAVE RECEIVED A COMPLETED COPY OF THIS LEASE.**

By signing below, you acknowledge that:

- This Lease is completely filled out;
- You have read this entire Lease carefully and agree to all of its terms.

CAUTION — IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

| | N/A | N/A |
|---|---|---|
| LESSEE SIGNATURE | BUSINESS NAME | NAME (PLEASE PRINT) |

| | | |
|---|---|---|
| CO-LESSEE SIGNATURE | BY (SIGNATURE) | TITLE |

### Guarantor

For purposes of this section, I/we/my/our/me/us refers solely to Guarantor. I/We jointly, severally and unconditionally guarantee the performance of all payment and other obligations of the Lessee under this Lease. Upon any default by Lessee, Lessor may, at Lessor's option, proceed immediately against me/us without first proceeding against Lessee, any other guarantor or taking possession of or taking possession of or disposing of this Vehicle. My/Our liability is primary and will be unaffected by any settlement, compromise, extension, renewal or modification of this Lease or by any release or discharge of Lessee or other guarantor. I/We waive all notices and all rights to demands and presentments. This guarantee inures to the benefit of Lessor's successors and assigns.

| | | |
|---|---|---|
| GUARANTOR SIGNATURE | GUARANTOR SIGNATURE | GUARANTOR SIGNATURE |
| N/A | N/A | |
| PRINT NAME | PRINT NAME | PRINT NAME |

### Lessor

a) Lessor accepts the terms of this Lease; and
b) Lessor assigns and transfers to Nissan-Infiniti LT ("NILT") all of Lessor's rights, title and interest in and to this Vehicle and this Lease including all amounts payable thereunder, pursuant to the terms of the applicable written Retailer Agreement between Lessor and Infiniti Financial Services ("IFS"), the benefits of which have been assigned by IFS to NILT for purposes of leases assigned to NILT. Any guaranty by Retailer is made notwithstanding the terms of the Retailer Agreement.

By signing below, the Lessor accepts the terms and conditions of this Lease.

| | | FI |
|---|---|---|
| CLEAR LAKE INFINITI | LESSOR SIGNATURE | TITLE |
| LESSOR (PRINT NAME) | | |

NILTR 3001-TX-E 4/16     Infiniti Financial Services is a division of Nissan Motor Acceptance Corporation

Page 6 of 6

## Opportunity Details

| eBrochure | Email | Letter | Phone | Text Message | Showroom | Schedule | Credit App | Forms | Add Note | Print Info |
|-----------|-------|--------|-------|--------------|----------|----------|------------|-------|----------|-----------|

### CUSTOMER

Scan

**Name:** TERRANCE DURHAM    **ID:** 197407210
**Address:** 12803 NYACK DR
PEARLAND, TX 77089
**Home #:** (267) 320-2934
**Cell #:** (267) 320-2934
**Work #:**
**Preferred Email:** TMANN1357@GMAIL.COM
**Birthday:** 1/3/1966
**Last Modified:** 12/12/2019 12:00:00 AM

**Priority:** High
**Text Preferred:**

**Service:** 2,421
**Purchases:** 45,205

### OPPORTUNITY

[ **⊕Add Trade In** ]

**Vehicle:** New 2019 INFINITI Q50 3.0t LUXE 4dr Rear-wheel Drive Sedan
JN1EV7AP9KM542501
**Stock #:** 19Q5173
**Trade:** 2018 INFINITI Q50
JN1EV7AP9JM353782
**Sales:** Moss, Derrick - Primary Salesperson
**Teams:**
**UpType:** Showroom Up
**Source:** Repeat

**Date/Time:** 12/14/2019 5:00:00 PM
**Due:**
**Sales Status:** [ New ▼ ]

In Showroom ☑

| Contacts | Service | Relationships | Ins/Other | Lifetime Value | Vehicles | dit Trail | Equity |
|----------|---------|---------------|-----------|----------------|----------|-----------|--------|

### 🚗 Owned Vehicles

| VIN | Year | Make | Model | Trim | N/L | Purchase Date | Purchase Price | Still Owns | Warranty | Action |
|-----|------|------|-------|------|-----|---------------|----------------|------------|----------|--------|
| JN1EV7AP9JM353782 | 2018 | INFINITI | Q50 | | N | 9/6/2017 | $45,205.00 | Yes | No Warranty | Remove / Resolution |

### 🔧 Serviced Vehicles

Unofficial Copy Office of Marilyn Burgess District Clerk

**2019-89179 / Court: 333**



# EVIDENCE

CASE NUMBER: _M3- 20- 0038_

EXHIBIT NUMBER: _____

DATE ACQUIRED: _____

LOCATION ACQUIRED: _____

ACQUIRED BY: _____
<small>(Printed Name or Name of Agency Acquired From)</small>

SEALED BY: _____
<small>(Signature and Printed Name)</small>

WITNESSED BY: _____
<small>(Signature and Printed Name)</small>

DATE OPENED: _____

OPENED BY: _____
<small>(Signature and Printed Name)</small>

WITNESSED BY: _____
<small>(Signature and Printed Name)</small>

<u>LABORATORY USE ONLY BELOW THIS LINE</u>

OPENED BY: _____
<small>(Signature and Printed Name)</small>

DATE OPENED: _____

GROSS WEIGHT AFTER ANALYSIS: _____

RESEALED BY: _____
<small>(Signature and Printed Name)</small>

EXHIBIT 2

DATE RESEALED: _____

# S000438884

Unofficial Copy Office of Marilyn Burgess District Clerk



832 - 851 - 3830

E

2019-891/9 - Count: 333

| Date | Amount | | Description |
|---|---|---|---|
| !###### | -32.85 | * | PURCHASE AUTHORIZED ON 09/17 H-E-B #028 LEAGUE CITY TX P00000000787319713 CARD 8780 |
| !###### | -26.09 | * | PURCHASE AUTHORIZED ON 09/16 PHILLIPS 66 #0618 DICKINSON TX S469259710644632 CARD 4938 |
| !###### | -13.42 | * | PURCHASE AUTHORIZED ON 09/15 LITTLE CAESARS 169 DICKINSON TX S469258615779708 CARD 8780 |
| !###### | 2423.96 | * | eDeposit in Branch/Store 09/17/19 11:02:55 AM 11102 S CARSDALE BLVD HOUSTON TX 8780 |
| !###### | -225.62 | * | 709 CHECK # 709 |
| !###### | -18.56 | * | 720 CHECK # 720 |
| !###### | -200 | * | Check # 717 (Converted ACH) CAPITAL ONE ARC CHECK P'YMT 190916 00717 7529106925967660401078 # 717 |
| !###### | -100 | * | Check # 707 (Converted ACH) CAPITAL ONE ARC CHECK P'YMT 190916 00707 7529106925967660401300 # 707 |
| !###### | -9.79 | * | 712 CHECK # 712 |
| !###### | -8.09 | * | PURCHASE AUTHORIZED ON 09/16 THE HOME DEPOT 18:53 LEAGUE CITY TX P00309259604264589 CARD 8780 |
| !###### | -72.98 | * | PURCHASE AUTHORIZED ON 09/15 PAYPAL *SHOP 402-935-7733 CA S589258716826484 CARD 4938 |
| !###### | -43.29 | * | RECURRING PAYMENT AUTHORIZED ON 09/15 24 Hour Fitness US 800-4326348 CA S389258449403187 CARD 8780 |
| !###### | -13.94 | * | PURCHASE AUTHORIZED ON 09/14 SUBWAY 0357 DICKINSON TX S309257692197728 CARD 8780 |
| !###### | -39.01 | * | PURCHASE AUTHORIZED ON 09/13 EQT*Community Heal 855-3155386 TX S589256735802345 CARD 4938 |
| !###### | -251.17 | * | Defender Securit Billing 190912 8838923 Silvia Zanetti |
| !###### | -50 | * | PURCHASE AUTHORIZED ON 09/12 DICKINSON RMCHP CL. DICKINSON TX S589255723999232 CARD 4938 |
| !###### | -93.69 | * | PURCHASE AUTHORIZED ON 09/12 ADTSECURITY MYADT. 800-238-2727 FL S389255371086329 CARD 4938 |
| !###### | -81.81 | * | PURCHASE AUTHORIZED ON 09/11 LITTLE DADDYS LEAG 281-5248626 TX S309255064888527 CARD 8780 |
| !###### | -49.07 | * | PURCHASE AUTHORIZED ON 09/12 KROGER #2 3410 GULF FR DICKINSON TX P00000000086312860 CARD 4938 |
| !###### | -18.52 | * | PURCHASE AUTHORIZED ON 09/12 SALLY BEAUTY #33 2920 GUL LEAGUE CITY TX P00469255783982315 CARD 4938 |
| !###### | -20.21 | * | PURCHASE AUTHORIZED ON 09/11 KROGER #2 3410 GULF FR DICKINSON TX P00000000732614247 CARD 8780 |
| ¥###### | -20 | * | PURCHASE AUTHORIZED ON 09/11 UTMB DICKENSON FAM DICKINSON TX S309254714821832 CARD 4938 |
| ¥###### | -107.18 | * | PURCHASE AUTHORIZED ON 09/10 ADT-Protect Your H 800-6899554 IN S389254055685659 CARD 4938 |
| ¥###### | -141.98 | * | RECURRING PAYMENT AUTHORIZED ON 09/10 TMOBILE*POSTPAID T 800-937-8997 WA S469253578216498 CARD 4938 |
| ¥###### | -47.86 | * | PURCHASE AUTHORIZED ON 09/09 TST* BAKUDAN RAMEN SAN ANTONIO TX S469252732194139 CARD 8780 |
| ¥###### | -46.41 | * | PURCHASE AUTHORIZED ON 09/07 DRURY INNS SAN ANTONIO TX S469250817047222 CARD 4938 |
| ###### | 191 | * | eDeposit in Branch/Store 09/11/19 01:19:04 PM 9722 FFY RD CYPRESS TX |
| ###### | 21.64 | * | PURCHASE RETURN AUTHORIZED ON 09/11 APL*ITUNES COM/BIL 866-712-7753 CA S629254548473749 CARD 4938 |
| ###### | 21.64 | * | PURCHASE RETURN AUTHORIZED ON 09/11 APL*ITUNES COM/BIL 866-712-7753 CA S629254548473692 CARD 4938 |
| ###### | 5.4 | * | PURCHASE RETURN AUTHORIZED ON 09/11 APL*ITUNES COM/BIL 866-712-7753 CA S629254548473702 CARD 4938 |
| ###### | 5.4 | * | PURCHASE RETURN AUTHORIZED ON 09/11 APL*ITUNES COM/BIL 866-712-7753 CA S629254548473666 CARD 4938 |
| ###### | -21.98 | * | PURCHASE AUTHORIZED ON 09/10 KROGER #2 3410 GULF FR DICKINSON TX P00000000979364374 CARD 4938 |
| ###### | -10.84 | * | PURCHASE AUTHORIZED ON 09/10 SHELL SERVICE S DICKINSON TX P00000000083169656 CARD 8780 |
| ###### | -36.94 | * | PURCHASE AUTHORIZED ON 09/09 BUC-EE'S #17 LULING TX P00469253046276487 CARD 8780 |
| ###### | -5.14 | * | PURCHASE AUTHORIZED ON 09/09 BUC-EE'S #17 LULING TX P00469253051932407 CARD 8780 |
| ###### | -250 | * | PURCHASE AUTHORIZED ON 09/09 BLUEGREEN SAMPLER SAN ANTONIO TX S589252660804440 CARD 4938 |
| ###### | -37.02 | * | PURCHASE AUTHORIZED ON 09/08 ARJON'S INTERNATIO SAN ANTONIO TX S589252200859661 CARD 8780 |
| ###### | -20 | * | PURCHASE AUTHORIZED ON 09/08 HP SOUTHBANK LOT SAN ANTONIO TX S309252007846003 CARD 8780 |
| ###### | -14.07 | * | PURCHASE AUTHORIZED ON 09/08 DURTY NELLYS SAN ANTONIO TX S589251861457078 CARD 8780 |
| ###### | -19.74 | * | PURCHASE AUTHORIZED ON 09/07 RAISING CANE'S #25 KATY TX S469250681338500 CARD 8780 |
| ###### | -34.08 | * | PURCHASE AUTHORIZED ON 09/07 DRY CLEAN SUPER CE HOUSTON TX S469250644883848 CARD 8780 |
| 9/9/2019 | -708 | * | Infiniti Auto Lease 190906 29009983981 ZANETTI SILVIA |
| 9/9/2019 | -8.06 | * | PURCHASE AUTHORIZED ON 09/08 RMCF - 50072 SAN ANTONIO TX S469251819890367 CARD 8780 |
| 9/9/2019 | -15.46 | * | PURCHASE AUTHORIZED ON 09/08 TST* THE COUNTY LI SAN ANTONIO TX S469251808765909 CARD 8780 |
| 9/9/2019 | -93.66 | * | PURCHASE AUTHORIZED ON 09/08 TACO GARAGE SAN ANTONIO TX S309251766380368 CARD 8780 |
| 9/9/2019 | -14.06 | * | RECURRING PAYMENT AUTHORIZED ON 09/08 Amazon Prime Amzn.com/bill WA S589251704903887 CARD 8780 |
| 9/9/2019 | -9.94 | * | PURCHASE AUTHORIZED ON 09/07 WHATABURGER 596 SAN ANTONIO TX S309251114764700 CARD 8780 |

EXHIBIT 3

| #### | -13.52 * | PURCHASE AUTHORIZED ON 09/24 KFC F172020 DICKINSON TX S589267858608370 CARD 4938 |
|------|----------|---------|
| #### | -41.04 * | PURCHASE AUTHORIZED ON 09/24 TST* SALATA - PINN LEAGUE CITY TX S309267666265407 CARD 8780 |
| #### | 3000 * | eDeposit in Branch/Store 09/25/19 09:11:39 AM 710 E MAIN ST LEAGUE CITY TX 4938 |
| #### | -40 * | ATM WITHDRAWAL AUTHORIZED ON 09/24 1005 BAY AREA BLVD. HOUSTON TX 0003188 ATM ID 0144Z CARD 4938 |
| !#### | -3.25 * | PURCHASE AUTHORIZED ON 09/24 BIG LOTS STORES 1201 W NA WEBSTER TX P00309267552893027 CARD 8780 |
| !#### | -29.42 * | PURCHASE AUTHORIZED ON 09/23 FOOD TOWN 207 HOUSTON TX P0000000985918405 CARD 8780 |
| !#### | -3.45 * | PURCHASE AUTHORIZED ON 09/22 H-E-B #028 LEAGUE CITY TX P0000000682766353 CARD 8780 |
| !#### | -453.52 * | RECURRING PAYMENT AUTHORIZED ON 09/22 GEICO *AUTO 800-841-3000 DC S309265506975102 CARD 4938 |
| !#### | -193.77 * | RECURRING PAYMENT AUTHORIZED ON 09/22 GEICO *AUTO 800-841-3000 DC S309265503265717 CARD 4938 |
| !#### | -17.86 * | PURCHASE AUTHORIZED ON 09/21 KROGER #2 3410 GULF FR DICKINSON TX S309267337370310 CARD 8780 |
| !#### | -45 * | PURCHASE AUTHORIZED ON 09/20 K NAILS DICKINSON TX S389264004301045 CARD 4938 |
| !#### | -5.88 * | PURCHASE AUTHORIZED ON 09/19 TACO BELL 002434 HOUSTON TX S469262676701373 CARD 4938 |
| !#### | -100 * | Check # 715 (Converted ACH) Synchrony CHECK PYMT 190920 00715 000000650172038925182 # 715 |
| !#### | -16 * | PURCHASE AUTHORIZED ON 09/20 SHELL SERVICE S DICKINSON TX P0000000577193928 CARD 8780 |
| !#### | -11.69 * | PURCHASE AUTHORIZED ON 09/20 KROGER #2 3410 GULF FR DICKINSON TX P0000000880892329 CARD 8780 |
| !#### | -50 * | PURCHASE AUTHORIZED ON 09/20 MACY'S 717 200 BAYBR FRIENDSWOOD TX P00309263805338939 CARD 4938 |
| !#### | -45 * | PURCHASE AUTHORIZED ON 09/19 JENNIFERS HAIR AND HOUSTON TX S309262671243019 CARD 4938 |
| !#### | 736.88 * | eDeposit in Branch/Store 09/20/19 02:39:37 PM 710 E MAIN ST LEAGUE CITY TX 1273 |
| !#### | 700 * | eDeposit in Branch/Store 09/20/19 10:56:44 AM 11102 SCARSDALE BLVD HOUSTON TX 8780 |
| !#### | -100 * | Check # 749 (Converted ACH) HOME DEPOT CR SV CHECK PYMT 190918 749 473071017323975 # 749 |
| !#### | -60 * | Check # 714 (Converted ACH) COMENITYCARD PAY CHECK PYMT 190918 714 307775809261040 0077 # 714 |
| !#### | -8.47 * | PURCHASE AUTHORIZED ON 09/19 KROGER #2 3410 GULF FR DICKINSON TX P0000000877722824 CARD 8780 |
| !#### | -100 * | PURCHASE AUTHORIZED ON 09/18 FISH TALES GALVESTON TX S469262007984203 CARD 8780 |
| !#### | -14.07 * | PURCHASE AUTHORIZED ON 09/18 SQ *61ST STREET FI Galveston TX S309261796369076 CARD 4938 |
| !#### | -15 * | PURCHASE AUTHORIZED ON 09/18 SQ *61ST STREET FI Galveston TX S589261770789631 CARD 4938 |
| !#### | -200 * | Check # 711 (Converted ACH) JC PENNEY CHECK PYMT 190918 00711 XXXXXXXXXXXXXXXXXX41810 # 711 |
| !#### | -100 * | Check # 703 (Converted ACH) Credit One Bank Payment 90917 703 |
| !#### | -51.25 * | Check # 708 (Converted ACH) CPEnergy Entex CPE ACH 031719 00708 000007817239 |
| !#### | -50 * | Check # 719 (Converted ACH) CAPITAL ONE ARC CHECK PYMT 190917 00719 752910692606325000 3062 # 719 |
| !#### | -139.5 * | 718 CHECK # 718 |
| !#### | -16.21 * | PURCHASE AUTHORIZED ON 09/18 WAL-MART #0504 GALVESTON TX P00000000675328678 CARD 8780 |
| !#### | -49.8 * | PURCHASE AUTHORIZED ON 09/18 BUC-EE'S #33 TEXAS CITY TX P00589261723670253 CARD 8780 |
| !#### | -11.6 * | PURCHASE AUTHORIZED ON 09/18 BUC-EE'S #33 TEXAS CITY TX P00469261722644393 CARD 8780 |
| !#### | -10.97 * | PURCHASE AUTHORIZED ON 09/18 H-E-B #028 LEAGUE CITY TX P0000000877283244 CARD 8780 |
| !#### | -78.5 * | PURCHASE AUTHORIZED ON 09/17 FSI*CENTERPOINT EN 800-967-9649 TX S309260667186506 CARD 8780 |
| !#### | -146.1 * | RECURRING PAYMENT AUTHORIZED ON 09/17 TMOBILE*AUTO PAY 800-937-8997 WA S469260400744184 CARD 4938 |
| !#### | -620.63 * | 721 CHECK # 721 |
| !#### | -20.42 * | 704 CHECK # 704 |
| !#### | -500 * | Check # 705 (Converted ACH) Synchrony CHECK PYMT 190917 00705 000000601918364427804 6 # 705 |
| !#### | -281.61 * | Check # 700 (Converted ACH) HYUNDAI CAPITAL CHECKPAYMT 190917 00700 00000019142610561909 15 # 700 |
| !#### | -100 * | Check # 701 (Converted ACH) BEST BUY PMT CHECK PYMT 190916 701 473069289312526 # 701 |
| !#### | -50.95 * | ALLSTATE ASSURAN CK4INSPYMT SEP016 06T1228114 SI VIA ZANETTI |
| !#### | -50 * | Check # 706 (Converted ACH) Synchrony CHECK PYMT 190917 00706 000000650172315690956 4 # 706 |
| !#### | -50 * | Check # 713 (Converted ACH) Credit One Bank Payment 90916 713 |
| !#### | -50 * | Check # 716 (Converted ACH) COMENITYCARD PAY CHECK PYMT 190916 716 301012829259008 0010 # 716 |
| !#### | -40 * | Check # 702 (Converted ACH) Kohls Chg Pmt Check Pmt 10702 0889208278 |
| !#### | -40 * | Check # 748 (Converted ACH) MACYS PAYMENT CHECK PYMT 190916 748 473069481352053 # 748 |

| | | |
|---|---|---|
| !### | -12 * | PURCHASE AUTHORIZED ON 10/03 THE HOP WEBSTER TX S389277165528648 CARD 4938 |
| !### | 735.73 * | eDeposit in Branch/Store 10/05/19 10:05:47 AM 710 E MAIN ST LEAGUE CITY TX 4938 |
| !### | -11.87 * | PURCHASE AUTHORIZED ON 10/04 Wal-Mart Super Center LANSING IL P00000000139187207 CARD 8780 |
| !### | -1500 * | BILL PAY BEATRICE MURPHEE RECURRING No Account Number ON 10-04 |
| !### | -2.5 * | NON-WELLS FARGO ATM TRANSACTION FEE |
| !### | -304 * | NON-WF ATM WITHDRAWAL AUTHORIZED ON 10/03 777 BLUE CHIP DR MICHIGAN CITY IN 00309277149065521 ATM ID CPSE |
| !### | -5.34 * | PURCHASE AUTHORIZED ON 10/03 LIQUOR CENTER PORTAGE IN S389276814344839 CARD 8780 |
| !### | -1.6 * | PURCHASE AUTHORIZED ON 10/03 ITR CLINE AVE TOLL G RANGER IN S469276751566164 CARD 8780 |
| !### | -13.47 * | PURCHASE AUTHORIZED ON 10/03 DOLLAR GENERAL # F M 517 DICKINSON TX P00469276773852038 CARD 4938 |
| !### | -26.86 * | PURCHASE AUTHORIZED ON 10/02 SUPER JJS FISH DC LANSING IL S309275743974707 CARD 8780 |
| !### | -23.31 * | PURCHASE AUTHORIZED ON 10/01 WINGSTOP 0463 LANSING IL S589274770396974 CARD 8780 |
| !### | -22.84 * | PURCHASE AUTHORIZED ON 09/29 ROUND THE CLOCK LA LANSING IL S389272502007643 CARD 8780 |
| !### | -23.82 * | FITNESS CONNECTI CLUB FEES 191001 900002528505 SIL VIA ZANETTI |
| !### | -35.78 * | PURCHASE AUTHORIZED ON 10/02 GNC #1187 GNC 0118 764 RIV CALUMET CITY IL P00309275720044695 CARD 8780 |
| !### | -50 * | PURCHASE AUTHORIZED ON 10/02 SPEEDWAY 01433 7405 CALUM HAMMOND IN P00389275400956777 CARD 8780 |
| !### | 280 * | eDeposit in Branch/Store 10/02/19 01:27:28 PM 9722 FFY RD CYPRESS TX |
| !### | 1000 * | eDeposit in Branch/Store 10/02/19 09:43:08 AM 710 E MAIN ST LEAGUE CITY TX 4938 |
| !### | -12.72 * | PURCHASE AUTHORIZED ON 10/01 WAL-MART #2817 LANSING IL P00000000583519413 CARD 8780 |
| !### | -11.15 * | PURCHASE AUTHORIZED ON 09/30 CULVERS OF LANSING LANSING IL S389273725701306 CARD 8780 |
| !### | -8.21 * | PURCHASE AUTHORIZED ON 09/30 PANDA EXPRESS 1244 LEAGUE CITY TX S389273637393733 CARD 4938 |
| !### | -4.74 * | PURCHASE AUTHORIZED ON 09/29 TACO BELL 002870 DICKINSON TX S389272823005338 CARD 4938 |
| !### | -8.52 * | PURCHASE AUTHORIZED ON 09/29 SUBWAY 0003 LANSING MI S389272804367320 CARD 8780 |
| !### | -1026 * | FLOOD INSURANCE PREMIUM 190927 6NIFIKJH421 4400077602 |
| !### | -31.39 * | PURCHASE AUTHORIZED ON 09/30 MURPHY7358ATWAL LEAGUE CITY TX P00000000580153796 CARD 4938 |
| !### | -16.72 * | PURCHASE AUTHORIZED ON 09/30 WAL-MART Wal-Mart Sup LANSING IL P00000000085206164 CARD 8780 |
| !### | -40.71 * | PURCHASE AUTHORIZED ON 09/29 WAL-MART #2817 LANSING IL P00000000783782131 CARD 8780 |
| !### | -22.94 * | PURCHASE AUTHORIZED ON 09/28 WAL-MART #2817 LANSING IL P00000000181757555 CARD 8780 |
| !### | -22.72 * | PURCHASE AUTHORIZED ON 09/28 MARAIS DICKINSON TX S469271744502052 CARD 4938 |
| !### | -536.63 * | PURCHASE AUTHORIZED ON 09/26 EXTENDEDSTAY 4016 LANSING IL S309269707874249 CARD 8780 |
| !### | -60 * | PURCHASE AUTHORIZED ON 09/27 QTT Beauty Supply WEBSTER TX P00469270803608917 CARD 4938 |
| !### | -34.76 * | PURCHASE AUTHORIZED ON 09/27 WAL-MART #2817 LANSING IL P00000000084756259 CARD 8780 |
| !### | -25.89 * | PURCHASE AUTHORIZED ON 09/27 ALDI 78066 HOUSTON TX P00000000085259510 CARD 4938 |
| !### | -100 * | Cash eWithdrawal in Branch/Store 09/27/2019 1:13 PM 1681 W FM 646 LEAGUE CITY TX |
| !### | -2.88 * | PURCHASE AUTHORIZED ON 09/27 SHELL SERVICE S HAMMOND IN P00000000372573109 CARD 8780 |
| !### | -31.96 * | PURCHASE AUTHORIZED ON 09/26 WAL-MART Wal-Mart Sup LANSING IL P00000000270920745 CARD 8780 |
| !### | 1000 * | eDeposit in Branch/Store 09/27/19 01:11:54 PM 1681 W FM 646 LEAGUE CITY TX 4938 |
| !### | -7.64 * | PURCHASE AUTHORIZED ON 09/26 WAL-MART Wal-Mart Sup LANSING IL P00000000374277317 CARD 8780 |
| :### | -63.32 * | PURCHASE AUTHORIZED ON 09/26 WAL-MART Wal-Mart Sup LANSING IL P00000000177413554 CARD 8780 |
| !### | -34.57 * | PURCHASE AUTHORIZED ON 09/26 DENNY'S #7983 CALUMET CITY IL P00000000186999954 CARD 8780 |
| !#### | -500 * | 724 DEPOSITED OR CASHED CHECK # 724 |
| !#### | -10.61 * | PURCHASE AUTHORIZED ON 09/25 SALEM IGA SALEM IL P00309268664851134 CARD 8780 |
| !### | -3.23 * | PURCHASE AUTHORIZED ON 09/25 WM SUPERC Wal-Mart Sup BLYTHEVILLE AR P00000000939572042 CARD 8780 |
| !#### | -13.19 * | PURCHASE AUTHORIZED ON 09/25 LOVES TRAVEL STOPS 671 BLYTHEVILLE AR P00389268516646948 CARD 8780 |
| !#### | -44.01 * | PURCHASE AUTHORIZED ON 09/25 LOVES TRAVEL STOPS 671 BLYTHEVILLE AR P00469268506351013 CARD 8780 |
| !#### | -20 * | PURCHASE AUTHORIZED ON 09/25 OASIS LEAGUE CI LEAGUE CITY TX P00000000380962555 CARD 4938 |
| !#### | -20.76 * | RECURRING PAYMENT AUTHORIZED ON 09/25 SXM*SIRIUSXM.COM/A 888-635-5144 NY S309268272856264 CARD 4938 |
| !#### | -43.6 * | PURCHASE AUTHORIZED ON 09/24 BUC-EE'S #33 TEXAS CITY TX P00309268101355276 CARD 8780 |

| ######## | -20 * | | PURCHASE AUTHORIZED ON 10/15 UTMB DICKENSON FA M DICKINSON TX S389288705852921 CARD 4938 |
| ######## | -43.29 * | | RECURRING PAYMENT AUTHORIZED ON 10/15 24 Hour Fitness US 800-4326348 CA S309288646510753 CARD 8780 |
| ######## | -225.62 * | | PURCHASE AUTHORIZED ON 10/15 COMCAST HOUSTON CS 800-266-2278 TX S309288582678361 CARD 4938 |
| ######## | -7.68 * | | PURCHASE AUTHORIZED ON 10/14 MCDONALD'S F24955 HAMMOND IN S469287829088456 CARD 8780 |
| ######## | -100 * | | Check # 756 (Converted ACH) Credit One Bank Payment 1 91011 756 |
| ######## | -93 * | | Check # 757 (Converted ACH) ADT SECURITY SER CHECKPYMNT 101119 00757 0013996023 # 757 |
| ######## | -80 * | | Check # 758 (Converted ACH) BEST BUY PMT CHECK PYM T 191012 758 473092191363101 # 758 |
| ######## | -71.29 * | | Check # 762 (Converted ACH) Allied Waste Svc CHECK PYIMT 101119 00762 # 762 |
| ######## | -60 * | | Check # 752 (Converted ACH) Synchrony CHECK PYMT 19 1012 00752 0000006501720382925182 # 752 |
| ######## | -50 * | | Check # 765 (Converted ACH) HOME DEPOT CR SV CHECK. PYMT 191012 765 473092191405484 # 765 |
| ######## | -50 * | | Check # 761 (Converted ACH) Credit One Bank Payment 1 91011 761 |
| ######## | -25 * | | Check # 764 (Converted ACH) CAPITAL ONE ARC CHECK PYMT 191014 00764 7529106928763250098274 # 764 |
| ######## | -539 * | | Check # 760 (Converted ACH) Synchrony CHECK PYMT 19 1012 00760 0000006019183644278046 # 760 |
| ######## | -60 * | | Check # 763 (Converted ACH) COMENITYCARD PAY CHECK PYMT 191011 763 301003609283080 0010 # 763 |
| ######## | -60 * | | Check # 753 (Converted ACH) Synchrony CHECK PYMT 19 1012 00753 0000006501723156909564 # 753 |
| ######## | -18.06 * | 754 | CHECK # 754 |
| ######## | -75.56 * | | PURCHASE AUTHORIZED ON 10/15 WAL-MART Wal-Mart Sup LANSING IL P00000000887393422 CARD 8780 |
| ######## | -19.2 * | | PURCHASE AUTHORIZED ON 10/14 H-E-B #028 LEAGUE CITY TX P00000000076524860 CARD 4938 |
| ######## | -27.63 * | | PURCHASE AUTHORIZED ON 10/14 RESOURCE CRISIS C LEAGUE CITY TX S589287774378639 CARD 4938 |
| ######## | -24.7 * | | PURCHASE AUTHORIZED ON 10/11 GRINGOS MEXICAN KI TEXAS CITY TX S309285069174183 CARD 4938 |
| ######## | -55.82 * | | PURCHASE AUTHORIZED ON 10/11 DIXIE KITCHEN BAI LANSING IL S589284822250898 CARD 8780 |
| ######## | -36.65 * | | PURCHASE AUTHORIZED ON 10/11 PHILLIPS 66 - QMAR DICKINSON TX S389284744065104 CARD 4938 |
| ######## | -21.81 * | | PURCHASE AUTHORIZED ON 10/11 IHOP #2120 LANSING IL S589284498162247 CARD 8780 |
| ######## | -58.44 * | | RECURRING PAYMENT AUTHORIZED ON 10/11 ADTSECURITY MYADT. 800-238-2727 FL S309284420149431 CARD 49 |
| ######## | -35.17 * | | PURCHASE AUTHORIZED ON 10/10 LIANG'S GARDEN RES LANSING IL S589283778890754 CARD 8780 |
| ######## | -120 * | | Check # 759 (Converted ACH) CAPITAL ONE ARC CHECK PYMT 191011 00759 7529106928467660083008 # 759 |
| ######## | -76 * | | Check # 755 (Converted ACH) CAPITAL ONE ARC CHECK PYMT 191011 00755 7529106928467660383052 # 755 |
| ######## | -258.09 * | 766 | CHECK # 766 |
| ######## | -23.19 * | | PURCHASE AUTHORIZED ON 10/11 KROGER #2 3410 GUL F FR DICKINSON TX P0000000088058494 49 CARD 4938 |
| ######## | -34.98 * | | PURCHASE AUTHORIZED ON 10/11 Wal-Mart Super Cent er LANSING IL P00000000939937040 CARD 8780 |
| ######## | -17.23 * | | PURCHASE AUTHORIZED ON 10/10 FINGERHUT DP REVOL 800-208-2500 MN S589283546521753 CARD 4938 |
| ######## | 2241.41 * | | MOBILE DEPOSIT : REF NUMBER :612110337621 |
| ######## | -221.51 * | | PURCHASE AUTHORIZED ON 10/10 FT SAM HOUSTON C BLDG 379 SAM HOUSTON TX P00309283770269302 CARD 4 |
| ######## | -45 * | | PURCHASE AUTHORIZED ON 10/09 CHLOE NAILS & SPA D ICKINSON TX S589282672264163 CARD 4938 |
| ######## | -117.92 * | | RECURRING PAYMENT AUTHORIZED ON 10/08 100-BLUEGREEN VAC BOCA RATON FL S589282149461829 CARD 493 |
| ######## | -6.92 * | | PURCHASE AUTHORIZED ON 10/08 TACO BELL 002870 DICKINSON TX S389281689157609 CARD 4938 |
| ######## | 1496.42 * | | MOBILE DEPOSIT : REF NUMBER :211100006016 |
| ######## | -8.55 * | | PURCHASE AUTHORIZED ON 10/09 WAL-MART #2817 LANSING IL P00000000681242568 CARD 8780 |
| ######## | -14.06 * | | RECURRING PAYMENT AUTHORIZED ON 10/08 Amazon P rime Amzn.com/bill WA S589281698934712 CARD 8780 |
| ######## | -708 * | | Infiniti Auto Lease 191007 29009983981 ZANETTI SILVIA |
| ######## | -0.99 * | | RECURRING PAYMENT AUTHORIZED ON 10/06 APL*ITUN ES.COM/BIL 866-712-7753 CA S469280179281001 CARD 49 |
| ######## | -13.19 * | | PURCHASE AUTHORIZED ON 10/07 Wal-Mart Super Cent er LANSING IL P00000000279473597 CARD 8780 |
| ######## | -17.08 * | | PURCHASE AUTHORIZED ON 10/06 Wal-Mart Super Cent er LANSING IL P00000000483622016 CARD 8780 |
| ######## | -25 * | | PURCHASE AUTHORIZED ON 10/05 K NAILS DICKINSON TX S589278837417997 CARD 4938 |
| ######## | -25.22 * | | PURCHASE AUTHORIZED ON 10/05 THE HOME DEPOT #1 909 CALUMET CITY IL P00389278774191046 CARD 8780 |
| ######## | -30 * | | PURCHASE AUTHORIZED ON 10/05 MACY'S 717 200 BAYE R FRIENDSWOOD TX P00389278726794771 CARD 4938 |
| ######## | -27.41 * | | PURCHASE AUTHORIZED ON 10/05 DENNY'S #7200 PORT AGE IN P00000000975864762 CARD 8780 |

| ####### | -289.56 * | PURCHASE AUTHORIZED ON 10/30 WU HYUNDAI/WU KI/ \ 800-523-4030 CA S589303723183956 CARD 4938 |
| ####### | 3690.25 * | eDeposit in Branch/Store 11/01/19 12:24:45 PM 11102 S CARSDALE BLVD HOUSTON TX 8780 |
| ####### | -37.88 * | PURCHASE AUTHORIZED ON 10/31 ULTA #1490 LEAGUE C ITY TX P00000000333869008 CARD 4938 |
| ####### | -21.62 * | PURCHASE AUTHORIZED ON 10/31 PARTY CITY 754 2560 GU LEAGUE CITY TX P00000000172378857 CARD 4938 |
| ####### | -50 * | PURCHASE AUTHORIZED ON 10/27 BUC-EE'S #33 TEXAS C ITY TX P00469300378922374 CARD 8780 |
| ####### | -40.09 * | PURCHASE AUTHORIZED ON 10/26 RACEWAY 6777 LEAG UE CITY TX P00589300064092982 CARD 4938 |
| ####### | -39.01 * | PURCHASE AUTHORIZED ON 10/25 EQT*Community Heal I 855-3155386 TX S469298339667518 CARD 4938 |
| ####### | -20.76 * | RECURRING PAYMENT AUTHORIZED ON 10/25 SXM*SIRIL JSXM.COM/A 888-635-5144 NY S469298309870749 CARD |
| ####### | -200.58 * | PURCHASE AUTHORIZED ON 10/24 CLEAR LAKE INFINIT H OUSTON TX S589297748794322 CARD 4938 |
| ####### | 75 * | eDeposit in Branch/Store 10/28/19 02:10:30 PM 9722 FR Y RD CYPRESS TX |
| ####### | -163.03 * | PURCHASE AUTHORIZED ON 10/23 BJS RESTAURANTS 42 WEBSTER TX S389296703000228 CARD 8780 |
| ####### | -43.29 * | PURCHASE AUTHORIZED ON 10/24 T-MOBILE 3600 GULF FREEWA DICKINSON TX P00589297856401599 CARD 4938 |
| ####### | -9.73 * | PURCHASE AUTHORIZED ON 10/24 KROGER #2 3410 GUL F FR DICKINSON TX P00000000289850919 CARD 4938 |
| ####### | -5.15 * | PURCHASE AUTHORIZED ON 10/24 KROGER #2 3410 GUL F FR DICKINSON TX P00000000881076708 CARD 4938 |
| ####### | -5.06 * | PURCHASE AUTHORIZED ON 10/24 SHELL SERVICE S HOU STON TX P00000000787027498 CARD 4938 |
| ####### | -49.42 * | PURCHASE AUTHORIZED ON 10/23 QTT Beauty Supply W EBSTER TX P00589296760032654 CARD 4938 |
| ####### | -228.26 * | RECURRING PAYMENT AUTHORIZED ON 10/22 GEICO *AL JTO 800-841-3000 DC S389295504209592 CARD 4938 |
| ####### | -225.5 * | PURCHASE AUTHORIZED ON 10/21 CLEAR LAKE INFINIT H OUSTON TX S469294790340903 CARD 4938 |
| ####### | -60 * | PURCHASE AUTHORIZED ON 10/22 ROOMS TO GO 2302 F RIENDSWOOD TX P00000000387099740 CARD 4938 |
| ####### | -150 * | PURCHASE AUTHORIZED ON 10/21 JCPENNEY 112B LEAG UE CITY TX S589294715873034 CARD 4938 |
| ####### | -60.03 * | PURCHASE AUTHORIZED ON 10/21 YULI M GOMEZ LEAGL JE CITY TX S389294652627660 CARD 4938 |
| ####### | -120 * | PURCHASE AUTHORIZED ON 10/21 LEAGUE CITY CTR. OI LEAGUE CITY TX S309294499585480 CARD 4938 |
| ####### | -6.11 * | PURCHASE AUTHORIZED ON 10/21 SHELL SERVICE S HOL STON TX P00000000177492224 CARD 4938 |
| ####### | -55.05 * | PURCHASE AUTHORIZED ON 10/20 KROGER #2 3410 GUL F FR DICKINSON TX P00000000234203951 CARD 4938 |
| ####### | -310.55 * | PURCHASE AUTHORIZED ON 10/20 THE HOME DEPOT 18153 LEAGUE CITY TX P00589294013936153 CARD 4938 |
| ####### | -29.51 * | PURCHASE AUTHORIZED ON 10/20 EAST TEXAS FUEL MAI RSHALL TX P00000000577504219 CARD 8780 |
| ####### | -43.5 * | PURCHASE AUTHORIZED ON 10/20 FLYING J #571 CHARLE STON MO P00589293559207589 CARD 8780 |
| ####### | -2.5 * | NON-WF ATM TRANSACTION FEE |
| ####### | -305.99 * | NON-WF ATM WITHDRAWAL AUTHORIZED ON 10/19 NRCHHH27MARINAENDPIT#27 HAMMOND IN 003092931861 |
| ####### | -3.11 * | PURCHASE AUTHORIZED ON 10/19 SPEEDWAY 08305 4 4 705 CAL HAMMOND IN P00589292811339358 CARD 8780 |
| ####### | -10 * | PURCHASE AUTHORIZED ON 10/19 PINNACLE EYECARE W EBSTER TX S589292759976188 CARD 4938 |
| ####### | -33.2 * | PURCHASE AUTHORIZED ON 10/18 LIANG'S GARDEN RES LANSING IL S309291801437167 CARD 8780 |
| ####### | 3406.36 * | eDeposit in Branch/Store 10/21/19 10:44:19 AM 11102 S CARSDALE BLVD HOUSTON TX 8780 |
| ####### | -51.16 * | PURCHASE AUTHORIZED ON 10/18 NORDSTROM RACK # 1211 W B WEBSTER TX P00589291653674538 CARD 4938 |
| ####### | -6.48 * | PURCHASE AUTHORIZED ON 10/18 HONG KONG MARKE IHOUSTON TX P00000000985125474 CARD 4938 |
| ####### | -9.41 * | PURCHASE AUTHORIZED ON 10/18 HONG KONG MARKE IHOUSTON TX P00000000973424667 CARD 4938 |
| ####### | -22.61 * | PURCHASE AUTHORIZED ON 10/17 POPEYES 2969 HAMM OND IN S469290822291292 CARD 8780 |
| ####### | -153.76 * | RECURRING PAYMENT AUTHORIZED ON 10/17 TMOBILE* AUTO PAY 800-937-8997 WA S389290421005747 CARD 49 |
| ####### | 769.24 * | DEPOSIT MADE IN A BRANCH/STORE #852696440 |
| ####### | -50.95 * | ALLSTATE ASSURAN CK4INSPYMT OCT016 06T1228114 SI LVIA ZANETTI |
| ####### | -27.45 * | PURCHASE AUTHORIZED ON 10/16 MADVEK'S DOGHOUS E HAMMOND IN S309289822061954 CARD 8780 |
| ####### | -55.4 * | PURCHASE AUTHORIZED ON 10/16 JCPENNEY 1128 LEAG UE CITY TX S469289812656147 CARD 4938 |
| ####### | -51.24 * | PURCHASE AUTHORIZED ON 10/15 DIXIE KITCHEN BAI LA NSING IL S469288804962680 CARD 8780 |
| ####### | -500 * | 768 CHECK # 768 |
| ####### | -37.9 * | PURCHASE AUTHORIZED ON 10/16 DOLLAR GENERAL # F M 517 DICKINSON TX P00309298841130019 CARD 4938 |
| ####### | -7.7 * | PURCHASE AUTHORIZED ON 10/16 WAL-MART Wal-Mar Sup LANSING IL P00000000977300179 CARD 8780 |
| ####### | -60 * | PURCHASE AUTHORIZED ON 10/16 CALUMET GO LO HAI 1MOND IN P00000000483225860 CARD 8780 |

| | | |
|---|---|---|
| #### | -200 * | Check # 773 (Converted ACH) CAPITAL ONE ARC CHECK PYMT 191115 00773 752910693196766025918 # 773 |
| #### | -150 * | Check # 782 (Converted ACH) CAPITAL ONE ARC CHECK PYMT 191115 00782 752910693196766025918B # 782 |
| #### | -190.49 * | 772 CHECK # 772 |
| #### | -18.6 * | PURCHASE AUTHORIZED ON 11/15 Wal-Mart Super Center LEAGUE CITY TX P00000000773375707 CARD 8780 |
| #### | -65000 * | WITHDRAWAL MADE IN A BRANCH/STORE |
| #### | -2.02 * | ONLINE TRANSFER TO DURHAM T PREFERRED CHECKING XXXXXX8379 REF #IB075QXCZQ ON 11/14/19 |
| #### | -305 * | ONLINE TRANSFER TO DURHAM T WAY2SAVE SAVINGS XXXXXX6691 REF #IB075QX4SP ON 11/14/19 |
| #### | -239.23 * | PURCHASE AUTHORIZED ON 11/13 CABINETS TO GO 800-222-4638 TN S469317791712564 CARD 8780 |
| #### | -121.37 * | PURCHASE AUTHORIZED ON 11/12 HABANERA & THE GUE HOUSTON TX S469317070829737 CARD 8780 |
| #### | -13.15 * | PURCHASE AUTHORIZED ON 11/13 KROGER #2 3410 GULF FR DICKINSON TX P00000000784684072 CARD 0953 |
| #### | -6.13 * | PURCHASE AUTHORIZED ON 11/13 KROGER #2 3410 GULF FR DICKINSON TX P00000000071464262 CARD 0953 |
| #### | -48.67 * | PURCHASE AUTHORIZED ON 11/13 LOWE'S #2821 LEAGLE CITY TX P00469317670400771 CARD 8780 |
| #### | -75.73 * | PURCHASE AUTHORIZED ON 11/12 TWIN PEAKS HOUSTON TX S469316714656024 CARD 8780 |
| #### | -16.97 * | PURCHASE AUTHORIZED ON 11/12 SUTHERLANDS 3106 DICKINSON TX P00589316780441927 CARD 8780 |
| #### | -32.01 * | PURCHASE AUTHORIZED ON 11/11 KROGER #2 3410 GULF FR DICKINSON TX P00000000036248211 CARD 0953 |
| #### | -50 * | PURCHASE AUTHORIZED ON 11/10 CHLOE NAILS & SPA DICKINSON TX S309315025922950 CARD 0953 |
| #### | -17.68 * | PURCHASE AUTHORIZED ON 11/09 FREDDY'S 26-0012 LEAGUE CITY TX S589313719977666 CARD 8780 |
| #### | -171.79 * | PURCHASE AUTHORIZED ON 11/09 CABINETS TO GO 800-222-4638 TN S589313635532829 CARD 8780 |
| #### | -171.79 * | PURCHASE AUTHORIZED ON 11/09 CABINETS TO GO #60 HOUSTON TX S589313633953961 CARD 8780 |
| #### | -14.06 * | RECURRING PAYMENT AUTHORIZED ON 11/08 Amazon Prime Amzn.com/bill WA S389312704038475 CARD 8780 |
| #### | -10.94 * | PURCHASE AUTHORIZED ON 11/08 KROGER #2 3410 GULF FR DICKINSON TX P00000000586167856 CARD 0953 |
| #### | -0.99 * | RECURRING PAYMENT AUTHORIZED ON 11/06 APPLE.COM/BILL 866-712-7753 CA S389311215699345 CARD 4938 |
| #### | 1031.44 * | eDeposit in Branch/Store 11/08/19 02:41:49 PM 2915 GULF FWY S LEAGUE CITY TX 0953 |
| #### | -708 * | Infiniti Auto Lease 191106 29009983981 ZANETTI SILVIA |
| #### | -138.43 * | MACYS PAYMENT 191106 203113475170340 TERRENCE J DURHAM |
| #### | -30 * | PURCHASE AUTHORIZED ON 11/07 SHELL SERVICE S LEAGUE CITY TX P00000000084865499 CARD 0953 |
| #### | -95.23 * | PURCHASE AUTHORIZED ON 11/06 LAS HACIENDAS MEXI STAFFORD TX S589311032246540 CARD 8780 |
| #### | -14.12 * | PURCHASE AUTHORIZED ON 11/06 SAN LORENZO #2 DICKINSON TX S309310576344745 CARD 4938 |
| #### | -20 * | PURCHASE AUTHORIZED ON 11/06 UTMB DICKENSON FAM DICKINSON TX S589310547295322 CARD 4938 |
| #### | -57 * | PURCHASE AUTHORIZED ON 11/06 SHELL SERVICE S SUGAR LAND TX P00000000483894386 CARD 8780 |
| #### | -4.31 * | PURCHASE AUTHORIZED ON 11/06 SHELL SERVICE S SUGAR LAND TX P00000000883082360 CARD 4938 |
| #### | -109.9 * | PURCHASE AUTHORIZED ON 11/06 KOHLS 1279 2825 GULF FWY LEAGUE CITY TX P00469310652513704 CARD 4938 |
| #### | -9.52 * | PURCHASE AUTHORIZED ON 11/05 KFC F172020 DICKINSON TX S389310059005003 CARD 8780 |
| #### | 280 * | eDeposit in Branch/Store 11/06/19 01:39:03 PM 9722 FRY RD CYPRESS TX |
| #### | -1500 * | BILL PAY BEATRICE MURPHEE RECURRING No Account Number ON 11-05 |
| #### | -190.49 * | PURCHASE AUTHORIZED ON 11/04 FSI*FIRST CHOICE P 866-469-2464 TX S469308768461746 CARD 4938 |
| #### | -173 * | 769 CHECK # 769 |
| #### | -5.04 * | PURCHASE AUTHORIZED ON 11/04 KROGER #2 3410 GULF FR DICKINSON TX P00000000634751923 CARD 8780 |
| #### | -8.32 * | PURCHASE AUTHORIZED ON 11/03 SONIC DRIVE IN #54 WEBSTER TX S309307776228772 CARD 4938 |
| #### | -578.06 * | PURCHASE AUTHORIZED ON 11/02 THE HOME DEPOT 1853 LEAGUE CITY TX P00309307013458603 CARD 8780 |
| #### | -20 * | PURCHASE AUTHORIZED ON 11/02 JCPENNEY 1128 LEAGUE CITY TX S589306761235227 CARD 4938 |
| #### | -48.07 * | PURCHASE AUTHORIZED ON 11/02 YULI M GOMEZ LEAGUE CITY TX S589306727658759 CARD 4938 |
| #### | -49.69 * | PURCHASE AUTHORIZED ON 11/01 HOUSE OF PIES - FU HOUSTON TX S309305278860102 CARD 8780 |
| #### | -15 * | WIRE TRANS SVC CHARGE - SEQUENCE: 191104153686 SRF# 2039849 TRN#191104153686 RFB# |
| #### | 81624.93 * | WT FED#00072 TEXAS FIRST BANK /ORG=SOUTH LAND TITLE LLC SRF# 2039849 TRN#191104153686 RFB# |
| #### | -23.82 * | FITNESS CONNECTI CLUB FEES 191101 900002528505 SILVIA ZANETTI |
| #### | -16.29 * | PURCHASE AUTHORIZED ON 10/31 PANDA EXPRESS 1244 LEAGUE CITY TX S589304597221652 CARD 4938 |

December 11, 2019 ▪ Page 4 of 8



## Transaction history (continued)

| Date | Check Number | Description | Deposits/ Additions | Withdrawals/ Subtractions | Ending daily balance |
|------|--------------|-------------|---------------------|---------------------------|----------------------|
| 12/2 | | Purchase authorized on 11/28 Phillips 66 - Qmar Dickinson TX S589333136923441 Card 8780 | | 10.00 | |
| 12/2 | | Purchase authorized on 11/29 McDonald's F6174 Dickinson TX S389333811393486 Card 8780 | | 9.07 | |
| 12/2 | | Purchase authorized on 12/02 Time Wise # 858 Webster TX P00000000780102091 Card 8780 | | 10.00 | |
| 12/2 | | Fitness Connecti Club Fees 191201 900002528505 Silvia Zanetti | | 23.82 | 9,947.18 |
| 12/3 | | Purchase authorized on 12/03 Buc-Ee's #33 6201 Gulf Texas City TX P00000000437125359 Card 8780 | | 48.50 | |
| 12/3 | | Purchase authorized on 12/03 Kroger #2 3410 Gulf Fr Dickinson TX P00000000377205970 Card 8780 | | 25.40 | 9,873.28 |
| 12/4 | | Edeposit IN Branch/Store 12/04/19 01:20:17 Pm 9722 Fry Rd Cypress TX | 280.00 | | |
| 12/4 | | Bill Pay Beatrice Murphee Recurring No Account Number on 12-04 | | 1,500.00 | |
| 12/4 | | Purchase authorized on 12/04 Kroger #2 3410 Gulf Fr Dickinson TX P00000000687492485 Card 8780 | | 74.78 | 8,578.52 |
| 12/5 | | Purchase authorized on 12/04 Bich Nguyen MD Houston TX S469336850907221 Card 8780 | | 45.00 | |
| 12/5 | | Macys Payment 191204 203136951950665 Silvia Zanetti | | 102.83 | 8,430.69 |
| 12/6 | | Purchase authorized on 12/04 China King Seafood Houston TX S469336665608606 Card 8780 | | 12.86 | |
| 12/6 | | Purchase authorized on 12/04 Geico *Auto Macon DC S469339038029304 Card 0953 | | 228.26 | |
| 12/6 | | Purchase authorized on 12/05 Utmb Dickenson Fam Dickinson TX S309339784639908 Card 0953 | | 20.00 | |
| 12/6 | | Purchase authorized on 12/06 Lowe's #2821 League City TX P00469834061327155 Card 8780 | | 140.46 | 8,029.11 |
| 12/9 | | Purchase authorized on 12/06 Schlotzsky's 2361 League City TX S309340516744331 Card 8780 | | 17.30 | |
| 12/9 | | Purchase authorized on 12/07 Yuli M Gomez League City TX S469341660614206 Card 0953 | | 51.75 | |
| 12/9 | | Purchase authorized on 12/07 San Lorenzo #2 Dickinson TX S589342061009143 Card 0953 | | 104.98 | |
| 12/9 | | Purchase authorized on 12/08 Kroger #2 3410 Gulf Fr Dickinson TX P00000000331784753 Card 0953 | | 53.18 | |
| 12/9 | | Purchase authorized on 12/09 Kroger #2 3410 Gulf Fr Dickinson TX P00000000931100231 Card 8780 | | 16.54 | |
| 12/9 | | Purchase authorized on 12/09 Kroger #2 3410 Gulf Fr Dickinson TX P00000000580623773 Card 8780 | | 27.03 | |
| 12/9 | | Infiniti Auto Lease 191206 29000983981 Zanetti Silvia | | 708.00 | 7,050.08 |
| 12/10 | | Purchase authorized on 12/08 Taco Bell 002870 Dickinson TX S389343028531835 Card 0953 | | 21.25 | |
| 12/10 | | Purchase authorized on 12/10 Kroger #2 3410 Gulf Fr Dickinson TX P00000000830101673 Card 8780 | | 17.47 | 7,011.61 |
| 12/11 | | Purchase authorized on 12/10 Tmobile*Postpaid T 800-937-8997 WA S389344816261890 Card 0953 | | 134.36 | |
| 12/11 | | Purchase authorized on 12/10 Phillips 66 - Qmar Dickinson TX S309345046475769 Card 8780 | | 12.00 | 6,865.25 |
| **Ending balance on 12/11** | | | | | 6,865.25 |
| **Totals** | | | **$801.48** | **$78,319.20** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

^ *Converted check: Check converted to an electronic format by your payee or designated representative. Checks converted to electronic format cannot be returned, copied or imaged.*

3:31

2019-89179 / Court: 333

 reditkarma.com  57



| | | |
|---|---|---|
| Home | Recommendations | Cards | Loans |



## Closed Accounts

NISSAN-INFINITI LT

Account
Closed

Lenders like to see that you
have experience successfully
managing your credit. Closing
an account could affect your
average age of credit history.
Generally, you'll want to keep
your oldest accounts active and
in good standing in order to
prevent them from being
closed.


Between December 4, 2019 and
December 16, 2019, your
NISSAN-INFINITI LT automotive
account **appears to have been
closed**.

EXHIBIT 4

III     O     <

Unofficial Copy Office of Marilyn Burgess District Clerk

1/1

1:33

Credit Karma

Show Images

Did you miss a payment?

Hi Terrence,

Just letting you know that a missed payment was added to a
NISSAN-INFINITI LT account on your TransUnion credit report.*

A late payment can impact your credit, so it's worth keeping an eye
on.

If you didn't miss a payment, you can file a dispute with the credit
bureau.

See missed payment

*Based on...

Did you find this email helpful?

This is a promotional email. To manage your Credit
Karma emails, please go to your Communication
Management Preferences.

Apple, the Apple logo, and iPhone are trademarks of Apple Inc., registered in the U.S. and other countries.
App Store is a service mark of Apple Inc.

Android, Google Play and the Google Play logo are trademarks of Google Inc.

Unofficial Copy Office of Marilyn Burgess District Clerk

12/19/2019 12:17:19 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39390181
By: JONES, PATRICIA D
Filed: 12/19/2019 12:17:19 PM

NO. _____

| | | |
|---|---|---|
| TERRANCE DURHAM | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | _____TH JUDICIAL DISTRICT |
| | § | |
| INFINITI FINANCIAL SERVICES & | § | |
| NISSAN-INFINITI LT. & NISSAN | | |
| MOTOR ACCEPTANCE | | |
| CORPORATION | | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S APPLICATION FOR
## TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES TERRANCE M. DURHAM, Plaintiff herein, and files this Plaintiff's

Application for Temporary Restraining Order and Temporary Injunction against INFINITI

FINANCIAL SERVICES & NISSAN-INFINITI LT. & NISSAN MOTOR ACCEPTANCE

CORPORATION, Defendants herein, and in support thereof, shows the court the following:

### PARTIES AND SERVICE

1.    Plaintiff, TERRANCE M. DURHAM is an individual who resides in Harris

County, Texas, and may be served with any and all documents related to this matter c/o Andre L.

Ligon, Law Offices, Andre' L. Ligon, P.C. 2600 South Loop West, Ste. 380, Houston, Texas

77090.

2.    Defendant Infiniti Financial Services in a corporation operating in this state, and

may be served with process by serving its registered agent of service Corporation Service

Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th St., Ste. 620,

Austin, Texas 78701 Service of said Defendant as described above can be effected by personal

delivery.

*Page | 1*

3.　　　Defendant Nissan-Infiniti, Lt. is a corporation operating in this state and may be served with process by serving its registered agent of service Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th St., Ste. 620, Austin, Texas 78701 Service of said Defendant as described above can be effected by personal delivery.

4.　　　Defendant Nissan Motor Acceptance Corporation. is a corporation operating in this state and may be served with process by serving its registered agent of service Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th St., Ste. 620, Austin, Texas 78701 Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

5.　　　The subject matter in controversy is within the jurisdictional limits of this court.

6.　　　Plaintiff seeks:

a.　　　monetary relief over $100,000 but not more than $200,000.

7.　　　This court has jurisdiction over the parties because Defendant 09/06/2017.

8.　　　Venue in Harris County is proper in this cause because the transaction(s) at issue occurred in Harris County, Texas.

## FACTS

9.　　　This case arises out of the contract between the Defendants and Plaintiff to lease a Q-50 automobile, VIN#JN1EV7AP9JM353782 that was financed by the Defendants on or about September 6, 2017.

10.　　　Plaintiff entered into a 38-month lease from the Defendants to lease the Q-50 luxury automobile on September 6, 2017, with payments set at $708.00 per month. *See Exhibit 1, which is attached and incorporated by reference.* Since the date the lease agreement was

executed by the parties, plaintiff has made every payment, specifically Plaintiff has made all payments on the lease agreement to the Defendants.

11.    On or about November 15, 2019, the Plaintiff was detained by either agents/police officers, questioned and released.  Prior to being detained, the Plaintiff was operating another vehicle at the time of his detention.  The officers stopped him on an alleged traffic stop, illegally took him back to the location where the Q-50 was located, searched it and towed it to an unknown location, with no notice of confiscation or intent to seize as required by law.  In fact, as of the date that this application was filed, Plaintiff has not received any notices from the Defendants or any law enforcement agency concerning this automobile and the property that was obtained when he was detained on November 15, 2019.  The only information that the Plaintiff received is attached as *Exhibit 2,* to this application.

12.    Counsel was retained in an attempt to assist him with obtaining his property and vehicle.  On November 25, 2019, counsel contacted the number provided by the alleged law enforcement officers, who wouldn't identify themselves nor would they provide the location of the Plaintiff's vehicle.  On December 12, 2019, Plaintiff and counsel contacted the alleged officer who again wouldn't provide any information concerning the vehicle but admitted that no one had prepared an intent to seize the property, which included the Q-50.  Since Plaintiff still had no information, he contacted the Defendants and found the location of the car.  He attempted to pick up his car, but the facility wouldn't release it claiming that the bank is retaining possession of the vehicle.  The Plaintiff was concerned because they were still taking payments for the vehicle from his account.  *See Exhibit 3, which is attached.*  At this time, no one had contacted the Plaintiff as to why he couldn't obtain possession of his vehicle.

13.    On December 17, 2019, Plaintiff again contacted the Defendants, who informed

him that they were going to sale his vehicle at an auction, although he has never missed a payment. Defendants are taking this course of action, without providing him any written notices, electronic or otherwise. Plaintiff attempted to discussed this with the Defendants' agents, but they wouldn't give him any information.

14.     On December 17, 2019, Plaintiff received notice from his credit monitoring service that the Q-50's account is now closed, and it is listed as a repossession on his credit report. Since it is now listed as a repossession, Plaintiff's credit is damaged and is preventing him from obtaining any other vehicles to replace the Q-50 that is illegally in possession of the Defendants.

15.     As of the date that this application was filed, the Defendants have not provided any notices concerning their intended actions with the plaintiff's Q-50.

16.     Also as of the date of this application, Plaintiff is not in default as it relates to Q-50 automobile at issue in this suit.

## ELEMENTS FOR INJUNCTIVE RELIEF

17.     In light of the above described facts, Plaintiff seeks recovery from Defendant. The nature of the lawsuit is Breach of Contract and Fraud possibly violations of the Texas Deceptive Trade Practices Act.

18.     Plaintiff is likely to succeed on the merits of this lawsuit because the Defendants are involving default clauses in the lease agreement and terminating the agreement with Plaintiff when he is not in default, nor do they have the right retain possession of the automobile that Plaintiff is still paying for. In addition to being in possession of the automobile, the Defendants actions are preventing him from being able to replace the automobile because the Defendants reported to the credit reporting agencies that Plaintiff is in default and his car is being

repossessed.

19.     Unless this Honorable Court immediately restrains the Defendants, the Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief.  More specifically, Plaintiff will show the court the following:

A.     The harm to Plaintiff is imminent because his credit and ability to obtain a new automobile will be impossible because his credit report that is used by all dealerships will indicate that his automobile was repossessed, plus the Defendants are claiming that he will owe an additional $33,000.00 on the vehicle.  The negative effects that the Defendants action will have on the Plaintiff's credit will not only affect his ability to obtain a vehicle in the future, but will cause him financial difficulties for at least 7 years.

B.     The Plaintiff will also be harmed in the event that the Defendants are allowed to retain possession of the Q-50, because he and his wife will be left without the transportation that the Q-50 was to provide.

C.     This imminent harm will cause Plaintiff irreparable injury in that his financial stability will be affected plus his family's transportation will be limited for an extended period of time.  If the Defendants actions are not prevented or at least temporarily restrained, the Q-50 will be sold at an auction on December 26, 2019, and his ability to obtain another vehicle will be damaged for at least 7 years and if that occurs, and Plaintiff will not have an adequate remedy at law.

**BOND**

20.     Plaintiff prays that this Court waives the requirement for a bond.  In the alternative, Plaintiff is willing to post a reasonable temporary restraining order bond and requests

the court to set such bond.

## REMEDY

21.     Plaintiff has met Plaintiff's burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Plaintiff is entitled to the requested temporary restraining order.

22.     Plaintiff requests the court to restrain the Defendants from retaining possession of the Q-50 at issue in this lawsuit, and issue an order returning the Q-50 to the Plaintiff, as long as Plaintiff continues to make the payments on the vehicle.  If the Q-50 is returned to the Plaintiff and he is making the payments on the vehicle, the Defendants will not be harmed because they will receive the benefit of the bargain that they negotiated in October of 2017.  *See Exhibit 1.*

23.     As long as the Plaintiff continues to make the payments as required by the lease agreement at issue, the Court should issue an Order requiring the Defendants to remove the negative reporting on his credit report; specifically that the Plaintiff is in Default; that the account is closed; and that the Q-50 was repossessed.

24.     It is essential that the court immediately and temporarily restrain the Defendants from selling the Q-50 at issue, reporting to the credit agencies that the Plaintiff is in Default and the account is closed, and the Court should Order the Defendants to return the automobile to the Plaintiff as long as he continue to make the monthly payments on the vehicle.  It is essential that the court act immediately, prior to giving notice to Defendants and a hearing on the matter because the Defendants have indicated to Plaintiff that the agreement is terminated, and they are retaining possession of the vehicle, and they intend to sale it on or about December 26, 2019, without providing the Plaintiff any notices (statutory or otherwise), in an attempt to recoup what they believe is due on the lease agreement.  It was also communicated to the Plaintiff that he will

be liable for any balance due after the sale of the vehicle that Plaintiff is still paying for.

25.     In order to preserve the status quo during the pendency of this action, Plaintiff requests that the Defendants be temporarily enjoined from retaining possession of the Q-50 and excluding Plaintiff from possession of the vehicle; terminating the lease agreement while the Plaintiff is still making monthly payments on the vehicle; reporting to the credit agencies that the Plaintiff's account is closed, and that the Q-50 was repossessed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, TERRENCE DURHAM, Plaintiff herein, respectfully prays that:

A.     The Defendants, INFINITI FINANCIAL SERVICES & NISSAN-INFINITI LT. & NISSAN MOTOR ACCEPTANCE CORPORATION,  will be cited to appear and answer herein;

B.     A temporary restraining order will issue without notice to INFINITI FINANCIAL SERVICES & NISSAN-INFINITI LT. & NISSAN MOTOR ACCEPTANCE CORPORATION, Defendants, restraining Defendants, Defendants' officers, agents, servants, employees, agents, servants, successors and assigns, and attorneys from directly or indirectly from selling the Q-50, prevent the Plaintiff from possession of the Q-50, reporting to the credit bureaus  and/or agencies, that the account related to the Q-50 is closed and that this vehicle has been repossessed.

C.     The Court sets a reasonable bond for the temporary restraining order or waives the bond requirement;

D.     After notice and hearing, a temporary injunction will issue enjoining and restraining Defendants, Defendant's officers, agents, servants, employees, successors and

assigns, and attorneys from directly or indirectly from selling the Q-50, prevent the Plaintiff from possession of the Q-50, reporting to the credit bureaus  and/or agencies, that the account related to the Q-50 is closed and that this vehicle has been repossessed.

E.      For such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

Law Office of Andre L. Ligon, P.C.

By:  /s/ Andre L. Ligon

        Andre L. Ligon
        Texas Bar No. 00797840
        Email:  efilings@andreligon.com
        2646 South Loop West, Ste. 380
        HOUSTON, TX 77054
        Tel. (713) 662-2500
        Fax. (713) 222-0252
        Attorney for Plaintiff
        Terrence Durham

Unofficial Copy Office of Marilyn Burgess District Clerk

12/19/2019 12:17:19 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39390181
By: JONES, PATRICIA D
Filed: 12/19/2019 12:17:19 PM



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**Name(s) of Documents to be served:** <u>Original Petition, Application for TRO and Injunction, TRO</u>

**FILE DATE:** <u>12/19/19</u> _____ Month/Day/Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

**Issue Service to:** <u>Infiniti Financial Services</u>

**Address of Service:** <u>211 E. 7th St., Ste. 620</u>

**City, State & Zip:** <u>Austin, Texas 78701</u>

**Agent (if applicable)** <u>Corporation Service Co. d/b/a CSC-Lawyers Incorporating Service Company</u>

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication Newspaper** _____
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**
- [x] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias (not an E-Issuance)**
- [ ] **Attachment**
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus**
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** <u>ORIGINAL PET, APPLICATION TRO</u>

**(See additional Forms for Post Judgment Service)**

---

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **MAIL to attorney at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**

- [x] **E-Issuance by District Clerk**
  **(No Service Copy Fees Charged)**
  **Note:** The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: <u>Andre L. Ligon</u>   Bar # or ID <u>00797840</u>

Mailing Address: <u>2646 S. Loop West, Ste. 380, Houston, Tx</u>

Phone Number: <u>713-662-2500</u>

12/19/2019 12:17:19 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39390181
By: JONES, PATRICIA D
Filed: 12/19/2019 12:17:19 PM



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served: Original Petition, Application for TRO and Injunction, TRO

FILE DATE: 12/19/19 _____ Month/Day/Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be

Served):

Issue Service to: NISSAN-INFINITI LT

Address of Service: 211 E. 7th St., Ste. 620

City, State & Zip: Austin, Texas 78701

Agent (if applicable) Corporation Service Co. d/b/a CSC-Lawyers Incorporating Service Company

TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

- [x] **Citation**
- [ ] Citation by Posting
- [ ] **Citation by Publication** Newspaper _____
- [ ] **Citations Rule 106 Service**
- [ ] Citation Scire Facias
- [x] **Temporary Restraining Order**
- [ ] Precept
- [ ] **Notice**
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not an E-Issuance)
- [ ] **Attachment**
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [x] Hague Convention ($16.00)
- [ ] **Garnishment**
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] **Sequestration**
- [ ] Subpoena
- [ ] **Other (Please Describe)** ORIGINAL PET, APPLICATION TRO

(See additional Forms for Post Judgment Service)

SERVICE BY *(check one)*:
- [ ] **ATTORNEY PICK-UP** (phone) _____
- [ ] **MAIL to attorney** at: _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**

- [x] **E-Issuance by District Clerk** (No Service Copy Fees Charged)

**Note:** The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

- [ ] **OTHER,** explain _____

Issuance of Service Requested By: Attorney/Party Name: Andre L. Ligon   Bar # or ID 00797840

Mailing Address: 2646 S. Loop West, Ste. 380, Houston, Tx

Phone Number: 713-662-2500

12/19/2019 12:17:19 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39390181
By: JONES, PATRICIA D
Filed: 12/19/2019 12:17:19 PM



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Original Petition, Application for TRO and Injunction, TRO

**FILE DATE:** 12/19/19 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** NISSAN MOTOR ACCEPTANCE CORPORATION

Address of Service: 211 E. 7th St., Ste. 620

City, State & Zip: Austin, Texas 78701

Agent (if applicable) Corporation Service Co. d/b/a CSC-Lawyers Incorporating Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☑ **Citation** | ☐ **Citation by Posting** ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper** _____ | |
| ☑ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☑ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** ORIGINAL PET, APPLICATION TRO | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP** (phone) _____        ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney** at: _____                   **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                                    *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**          used to retrieve the E-Issuance Service Documents.
                                                                   Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____     Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Andre L. Ligon     Bar # or ID  00797840

Mailing Address: 2646 S. Loop West, Ste. 380, Houston, Tx

Phone Number: 713-662-2500

12/19/2019 12:17:19 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39390181
By: JONES, PATRICIA D
Filed: 12/19/2019 12:17:19 PM

NO. _____

| | | |
|---|---|---|
| **TERRANCE DURHAM** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **_____TH JUDICIAL DISTRICT** |
| | § | |
| **INFINITI FINANCIAL SERVICES &** | § | |
| **NISSAN-INFINITI LT & NISSAN** | | |
| **MOTOR ACCPETANCE** | | |
| **CORPORATION** | | |
| **Defendants.** | § | **OF HARRIS COUNTY, TEXAS** |

## TEMPORARY RESTRAINING ORDER

On _____, 2019, the Application for a Temporary Restraining Order of

TERRANCE DURHAM, Plaintiff herein, was heard before this court.

Based upon the pleadings, records, documents filed by counsel, and the arguments of

counsel at the hearing, IT CLEARLY APPEARS:

1.      That unless the Defendants INFINITI FINANCIAL SERVICES & NISSAN-

INFINITI LT & NISSAN MOTOR ACCEPTANCE CORPORATION are immediately

restrained from selling the Q-50 Infiniti VIN #JN1EV7AP9JM353782, retaining possession of

said vehicle, preventing TERRANCE DURHAM from possessing the Q-50, as long as he

continues to make the payments, and reporting to the credit bureaus that the account is closed

and that the car is or has been repossessed, it is highly probable that the car at issue will be sold

to a good faith purchaser for value and the Plaintiff's credit and financial standing will be

damaged for at least seven (7) years.  In addition, the Plaintiff will suffer hardship from his loss

of transportation and inability to replace that transportation.  These actions by the Defendants

and hardships will occur before notice and a hearing on Plaintiff's Application for Temporary

Injunction.

2.      Plaintiff will suffer irreparable harm if the Defendants INFINITI FINANCIAL

SERVICES & NISSAN-INFINITI LT & NISSAN MOTOR ACCPETANCE CORPORATION are not restrained immediately because as mentioned above, the car will be sold to a good faith purchaser for value and the Plaintiff's credit and financial standing will be damaged for at least seven (7) years.  In addition, the Plaintiff will suffer hardship from his loss of transportation and inability to replace that transportation and Plaintiff will not have an adequate remedy at law and there is no adequate remedy at law to grant Plaintiff complete, final and equal relief.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Defendants INFINITI FINANCIAL SERVICES & NISSAN-INFINITI LT & NISSAN MOTOR ACCPETANCE CORPORATION , and all of Defendants' officers, agents, servants, employees, agents, servants, successors and assigns, and attorneys are ORDERED to immediately cease and desist from retaining possession of the Q-50, at issue in this case, preventing Plaintiff from possessing the Q-50, as long as he is making the agreed upon monthly payments.   The Defendants are further ORDERED to stop reporting to the credit bureaus and/or agencies that the Plaintiff's account related to the Q-50 at issue is closed and/or the automobile has been repossessed.  It is highly probable that the Plaintiff will be irreparably harmed if the Defendants sold the car and continued its negative reporting to the credit bureaus related to the Q-50 Infiniti at issue is this case.  IT IS FURTHER ORDERED that the Defendants, INFINITI FINANCIAL SERVICES & NISSAN-INFINITI LT & NISSAN MOTOR ACCPETANCE CORPORATION will be restrained from taking the above mentioned action from the date of entry of this order until fourteen (14) days thereafter, or until further order of this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Application for Temporary Injunction be heard on _____ at _____ ___.M in the _____.  Defendants INFINITI FINANCIAL SERVICES & NISSAN-INFINITI

LT & NISSAN MOTOR ACCPETANCE CORPORATION is commanded to appear at that time and show cause, if any exist, why a temporary injunction should not be issued against said Defendants.

The clerk of the above-entitled court shall issue a temporary restraining order in conformity with the law and the terms of this order upon the filing by Plaintiff of the bond hereinafter set.

This order shall not be effective until Plaintiff deposits with the Clerk, a bond in the amount of $_____ in conformity with the law.

SIGNED and ENTERED on _____ at _____ ___M.


_____
PRESIDING JUDGE

12/19/2019 12:17:19 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39390181
By: JONES, PATRICIA D
Filed: 12/19/2019 12:17:19 PM

## 2019-89179 / Court: 333

NO. _____

| | | |
|---|---|---|
| **TERRANCE DURHAM** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | _____TH JUDICIAL DISTRICT |
| | § | |
| **INFINITI FINANCIAL SERVICES &** | § | |
| **NISSAN-INFINITI LT & NISSAN** | | |
| **MOTOR ACCPETANCE** | | |
| **CORPORATION** | § | **OF HARRIS COUNTY, TEXAS** |
| **Defendants.** | | |

*P.3*
*TRORX*
*STBNX*
*CASD*

### TEMPORARY RESTRAINING ORDER

On **12/20/2019** ~~2019~~, the Application for a Temporary Restraining Order of

TERRANCE DURHAM, Plaintiff herein, was heard before this court.

Based upon the pleadings, records, documents filed by counsel, and the arguments of

counsel at the hearing, IT CLEARLY APPEARS:

1.      That unless the Defendants INFINITI FINANCIAL SERVICES & NISSAN-

INFINITI LT & NISSAN MOTOR ACCEPTANCE CORPORATION are immediately

restrained from selling the Q-50 Infiniti VIN #JN1EV7AP9JM353782, ~~retaining possession of~~

~~said vehicle,~~ preventing TERRANCE DURHAM from possessing the Q-50, as long as he

continues to make the payments, and reporting to the credit bureaus that the account is closed

and that the car is or has been repossessed, it is highly probable that the car at issue will be sold

to a good faith purchaser for value and the Plaintiff's credit and financial standing will be

damaged for at least seven (7) years.  In addition, the Plaintiff will suffer hardship from his loss

of transportation and inability to replace that transportation.  These actions by the Defendants

and hardships will occur before notice and a hearing on Plaintiff's Application for Temporary

Injunction.

2.      Plaintiff will suffer irreparable harm if the Defendants INFINITI FINANCIAL

*Page | 1*

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

SERVICES & NISSAN-INFINITI LT & NISSAN MOTOR ACCPETANCE CORPORATION are not restrained immediately because as mentioned above, the car will be sold to a good faith purchaser for value and the Plaintiff's credit and financial standing will be damaged for at least seven (7) years.  In addition, the Plaintiff will suffer hardship from his loss of transportation and inability to replace that transportation and Plaintiff will not have an adequate remedy at law and there is no adequate remedy at law to grant Plaintiff complete, final and equal relief.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Defendants INFINITI FINANCIAL SERVICES & NISSAN-INFINITI LT & NISSAN MOTOR ACCPETANCE CORPORATION , and all of Defendants' officers, agents, servants, employees, agents, servants, successors and assigns, and attorneys are ORDERED to immediately cease and desist from retaining possession of the Q-50, at issue in this case, preventing Plaintiff from possessing the Q-50, as long as he is making the agreed upon monthly payments.   The Defendants are further ORDERED to stop reporting to the credit bureaus and/or agencies that the Plaintiff's account related to the Q-50 at issue is closed and/or the automobile has been repossessed.  It is highly probable that the Plaintiff will be irreparably harmed if the Defendants sold the car and continued its negative reporting to the credit bureaus related to the Q-50 Infiniti at issue is this case.  IT IS FURTHER ORDERED that the Defendants, INFINITI FINANCIAL SERVICES & NISSAN-INFINITI LT & NISSAN MOTOR ACCPETANCE CORPORATION will be restrained from taking the above mentioned action from the date of entry of this order until fourteen (14) days thereafter, or until further order of this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Application for Temporary Injunction be heard on 6th of January at 9 : 30 a .M in the 333rd . Defendants INFINITI FINANCIAL SERVICES & NISSAN-INFINITI

Defendants are restrained from Sale of or attempted Sale of said vehicle.

LT & NISSAN MOTOR ACCPETANCE CORPORATION is commanded to appear at that time and show cause, if any exist, why a temporary injunction should not be issued against said Defendants.

The clerk of the above-entitled court shall issue a temporary restraining order in conformity with the law and the terms of this order upon the filing by Plaintiff of the bond hereinafter set.

This order shall not be effective until Plaintiff deposits with the Clerk, a bond in the amount of $___/ 0 0 ⸳ 0 0___ in conformity with the law.

SIGNED and ENTERED on _12/20/19_ at _2:42_ .M.

_____
PRESIDING JUDGE

[2:41 pm]

_This order expires January 3, 2020._

CAUSE NUMBER _2019- 89179_

| Terrance Durham | § | IN THE DISTRICT COURT OF |
| PETITIONER | | |
| | § | HARRIS COUNTY, TEXAS |
| VS. | § | _333_ JUDICIAL DISTRICT |
| Nissan Acceptance, (et al) | | |
| RESPONDENT | | |

### CLERK'S CERTIFICATE OF CASH DEPOSIT IN LIEU
### OF INJUNCTION BOND PER ORDER OF THE COURT

**THE STATE OF TEXAS §**
**COUNTY OF HARRIS   §**

    **THIS DOCUMENT IS TO CERTIFY** that  I, the undersigned  Clerk of the District Courts of  Harris County, Texas have received a cash deposit, as ordered by the Court, in the amount of ___$100. One hundred___ Dollars ($ _100._ _____ ), to be deposited with the Registry of the Court in lieu of a **Temporary Restraining Order Bond** or a **Temporary Injunction Bond**, as required by Rule 684, T.R.C.P. in the  above styled and numbered cause as provided by the order entered on the  _20_  day of _December_ , 20 _19_

    This cash deposit is made and received in lieu of **TEMPORARY RESTRAINING ORDER** or a **TEMPORARY INJUCTION**, conditioned that the applicant  will  abide the decision which may be made in the cause,  and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part, and this certificate is issued to have the force and effect of  a **TEMPORARY  RESTRAINING  ORDER BOND** or a **TEMPORARY INJUCTION BOND** in accordance with the Order of the Court.

    WITNESS my hand and seal of office this _23_ day of _December_ _____ A.D. 20_19_

**FILED**
**Marilyn Burgess**
**District Clerk**

DEC 2 3 2019

Time: _11:00 pm_
Harris County, Texas
By _____
Iris Collins

Principal: _Terrance Durham_

Attorney: _Andre L. Ligon_

Bar Number: _00797840_

**Marilyn Burgess, District Clerk**
**Harris County, Texas**
**PO BOX 4651**
**Houston, Texas 77210-4651**

By _____
Deputy District Clerk    **Iris Collins**

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

Unofficial Copy Office of Marilyn Burgess District Clerk

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Famintake\Post Bond          Created 3/2/04

1/10/2020 3:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39866916
By: MARCELLA WILES
Filed: 1/10/2020 3:16 PM

## Cause No. 2019-89179

| | | |
|---|---|---|
| **TERRANCE M. DURHAM,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **INFINITI FINANCIAL SERVICES,** | § | |
| **NISSAN-INFINITI LT. and NISSAN** | § | |
| **MOTOR ACCEPTANCE** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | **333RD JUDICIAL DISTRICT** |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendants Infiniti Financial Services ("IFS"), Nissan-Infiniti LT ("NILT") and Nissan Motor Acceptance Corporation ("NMAC") (collectively, "Defendants") file their *Original Answer and Affirmative Defenses* to Plaintiff's Original Petition filed by Plaintiff, Terrance M. Durham ("Plaintiff").

## I.  GENERAL DENIAL

1.      Defendants, pursuant to Rule 92 of the Texas Rules of Civil Procedure, generally deny all of the claims as alleged by Plaintiff, and respectfully pray that Plaintiff be required to prove his claims as alleged by a preponderance of the evidence or such higher standard as may be applicable.

## II.  AFFIRMATIVE DEFENSES

2.      Some or all of Plaintiff's claims are barred by failure of consideration.

3.      Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was not the producing, nor the proximate, cause of Plaintiffs' alleged losses, damages, and/or injuries.

4.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is unable to prove his alleged losses, damages, and/or injuries in accordance with Texas law.

5.     Some or all of Plaintiff's claims are barred due to unclean hands.

6.     Some or all of Plaintiff's claims are barred by his failure to perform his own contractual obligations.

7.     Plaintiff's claims fail due to the doctrines of estoppel and/or quasi estoppel.

8.     Defendants are entitled to an offset of any damages awarded under the doctrine of recoupment and offset.

9.     Plaintiff has failed to state a claim upon which relief may be granted.

10.     Defendants are equitably and contractually subrogated as to all of the claims contained in Plaintiff's suit.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff takes nothing on his claims, and for such other and further relief to which Defendants may be entitled.

Respectfully submitted,

By: */s/ R. Dwayne Danner*

**R. Dwayne Danner**
State Bar No. 00792443
ddanner@mcglinchey.com
**Aaron B. Gottlieb**
State Bar No. 24069815
agottlieb@mcglinchey.com
**McGlinchey Stafford, PLLC**
Three Energy Square
6688 North Central Expressway, Suite 400
Dallas, Texas 75206
(214) 445-2445 Tel.
(214) 445-2450 Fax.

***ATTORNEYS FOR DEFENDANTS***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2020, a copy of the above and foregoing was filed electronically with the Clerk of Court. Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system or, alternatively, as indicated below.

Andre L. Ligon
Texas Bar No. 00797840
Email: efilings@andreligon.com
Law Offices Andre L. Ligon, P.C.
2646 South Loop West, Ste. 380
Houston, Texas 77054
Tel. (713) 662-2500
Fax. (713) 222-0252

***Counsel for Plaintiff***

*/s/ R. Dwayne Danner*
**R. Dwayne Danner**
